# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 6, 2010 Session

## MARTHA GRAHAM v. CLINTON CAPLES ET AL.

**Interlocutory Appeal by Permission from the Circuit Court for Shelby County**
**No. CT-002150-08    Kay S. Robilio, Judge**

---

**No. W2009-00200-SC-S09-CV - Filed October 20, 2010**

---

The issue presented in this interlocutory appeal is whether the plaintiff's suit for damages was timely filed. The plaintiff and the defendant were involved in a traffic accident on November 4, 2006. Within a year of the accident, on November 2, 2007, the plaintiff filed a civil warrant with the general sessions court clerk against the defendant driver and, erroneously, against herself, seeking damages for personal injuries and property damages. The warrant, although marked "filed," was not signed by the clerk, had no docket number or issuance date, and was not served on the defendants. Thereafter, on November 13, 2007, the plaintiff filed an "Amended Civil Warrant" against the defendant driver and the defendant owner of the vehicle, seeking damages for personal injuries and property damages. This warrant was properly signed by the clerk, had a docket number and an issuance date, and was served on the defendants. The defendants filed a motion to dismiss, asserting that the first warrant was not valid and that the second warrant had been filed outside the one-year statute of limitations for personal injuries. The trial court granted the motion to dismiss as to the defendant owner and denied the motion as to the defendant driver. We hold that pursuant to Tennessee Code Annotated sections 16-15-710 and 16-15-716, a civil action in the general sessions court is not commenced for purposes of tolling the statute of limitations until the warrant is issued by the clerk. Because the original warrant filed by the plaintiff on November 2, 2007, was not issued by the clerk, the plaintiff's cause of action was not commenced at that time. The plaintiff's claim for personal injuries in the "Amended Civil Warrant" filed on November 13, 2007, was not timely filed within the one-year statute of limitations period and must be dismissed. The plaintiff's claim for property damages in the "Amended Civil Warrant" was timely filed within the three-year statute of limitations period.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Affirmed in Part and Reversed in Part; Cause Remanded to the Circuit Court**

SHARON G. LEE, J. delivered the opinion of the Court, in which, CORNELIA A. CLARK, C.J., JANICE M. HOLDER, GARY R. WADE, and WILLIAM C. KOCH, JR., JJ., joined.

Melanie M. Stewart and Matthew S. Russell, Germantown, Tennessee, for the appellant, Clinton Caples.

Louis P. Chiozza, Jr., and John W. Leach, Memphis, Tennessee, for the appellee, Martha Graham.

## OPINION

### Background

On November 4, 2006, the vehicle owned and driven by the plaintiff, Martha Graham, was allegedly rear-ended by a vehicle driven by Clinton Caples and owned by Linda Caples. On November 2, 2007, the plaintiff filed a civil warrant with the general sessions court in Shelby County, seeking recovery for property damages and personal injuries against defendants Clinton Caples and Martha Graham arising from a collision occurring "on or about September 29, 2006[,] at approximately 10:00 p.m. at or near the intersection of Poplac [sic] and I-240 in Memphis" The warrant alleged that Clinton Caples was operating a vehicle owned by Linda Caples at the time of the collision and that his negligence caused the accident and the plaintiff's injuries. The warrant contained a general sessions court date stamp of November 2, 2007, but named Martha Graham as both the plaintiff and a defendant, did not contain the signature of the court clerk or the deputy clerk, a docket number, or an issuance date, and was never served on the defendants. A receipt from the court clerk shows that a check dated November 2, 2007 in the amount of $97.50 was received from the plaintiff's counsel on November 1, 2007.[1]

On November 13, 2007, the plaintiff filed a document titled "Amended Civil Warrant" with the general sessions court clerk, naming as defendants Clinton Caples and Linda Caples and seeking recovery for property damages and personal injuries arising from a collision occurring "on or about November 4, 2006 at approximately 11:30 p.m. at or near the intersection of Elvis Presley and Whitaker in Memphis, Tennessee. . . ." This second

---

[1] We have taken this information from documents attached to defendant Clinton Caples' motion to dismiss filed in circuit court.

warrant, as did the first warrant, alleges that the collision was caused by the negligence of Clinton Caples, who was operating a vehicle owned by Linda Caples. This "Amended Civil Warrant" bears a handwritten docket number of 1249922, the signature of a deputy clerk of the general sessions court, a general sessions court "filed" stamp date of "2007 NOV 13," the notation that it was "[i]ssued this 14 day of Nov 2007," and a certification by the process server that it was served on defendants Clinton Caples and Linda Caples on December 3, 2007.

The defendants filed a motion to dismiss the plaintiff's cause of action, asserting that it was not timely filed based on the statute of limitations that requires an action for personal injury be filed within one year of the accrual of the cause of action. Tenn. Code Ann. § 28-3-104(a)(1) (2000). Attached to the motion to dismiss was a copy of the first unserved civil warrant. The general sessions court judge granted the motion to dismiss, and the plaintiff appealed to the circuit court for Shelby County.

In the circuit court, the defendants filed a motion to dismiss based on the plaintiff's failure to file her cause of action within the time allowed under the statute of limitations. The motion stated that "[a]nother Civil Warrant was prepared and stamped 'filed' in the General Sessions Court on November 2, 2007, and titled Martha Graham vs. Clinton Caples and Martha Graham" but that "that Summons was not issued and there was no docket number assigned."

The defendants' motion to dismiss was granted as to defendant Linda Caples, who was not named as a defendant in the first warrant, and denied as to defendant Clinton Caples. Defendant Clinton Caples was granted leave to pursue an interlocutory appeal to the Court of Appeals. The Court of Appeals denied the request for an interlocutory review. On appeal to this Court, pursuant to Tennessee Rule of Appellate Procedure 9(c), we granted Mr. Caples permission to file an interlocutory appeal and now address the issue of whether a civil action in general sessions court is commenced for the purposes of tolling the statute of limitations when the original civil warrant is filed with the court clerk but is never issued by the clerk.

**Analysis**

The original civil warrant in this case, erroneously styled "Martha Graham v. Clinton Caples and Martha Graham," was filed in the general sessions court within one year of the accident on November 2, 2007, along with the requisite number of copies for service and a check for the filing fees. A court clerk stamped the original and copies of the warrant as filed "2007 Nov 2 P 3:28" and issued a receipt for $97.50 that sets forth the style of the case, the amount of $97.50, the check number of the tendered check, the name of the payor (the

plaintiff's attorney, Louis Chiozza) and states "Service Requested by PDQ Service Process." The civil warrant was not assigned a docket number, the issuance date was not noted, and it was not issued and signed by the clerk or a deputy clerk of the general sessions court. The trial court determined that this civil warrant was not effective to commence the plaintiff's action. We review the trial court's decision de novo with no presumption of correctness because it is a question of law. Madden v. Holland Grp. of Tenn., Inc., 277 S.W.3d 896, 898 (Tenn. 2009).

Procedural matters in general sessions courts are governed by Title 16 of the Tennessee Code.[2] Two sections of Title 16 are applicable to our inquiry. Tennessee Code Annotated section 16-15-710 (2009) provides that "[t]he suing out of a warrant is the commencement of a civil action . . ., whether it is served or not; . . ." Tennessee Code Annotated section 16-15-716 (2009) provides that "[a] civil action in general sessions court is commenced by a civil warrant issued by the clerk" and sets forth the proper format for a general sessions court warrant that includes a signature line for the clerk or deputy clerk.

We must construe the language of these two statutes to determine when a cause of action commences in the general sessions courts for purposes of tolling the statute of limitations. The primary objective of statutory construction is to determine the intent of the legislature and give effect to that intent. Walker v. Sunrise Pontiac-GMC Truck, Inc., 249 S.W.3d 301, 309 (Tenn. 2008). To achieve this objective, we begin by examining the language of the statute in question. Curtis v. G.E. Capital Modular Space, 155 S.W.3d 877, 881 (Tenn. 2005). This Court presumes that the legislature intended every word be given full effect. Lanier v. Rains, 229 S.W.3d 656, 661 (Tenn. 2007). Therefore, if the "language is not ambiguous . . . the plain and ordinary meaning of the statute must be given effect." In re Adoption of A.M.H., 215 S.W.3d 793, 808 (Tenn. 2007). It is a further well-settled rule of construction that "statutes 'in pari materia' - those relating to the same subject or having a common purpose - are to be construed together, and the construction of one such statute, if doubtful, may be aided by considering the words and legislative intent indicated by the language of another statute." Wilson v. Johnson Cnty., 879 S.W.2d 807, 809 (Tenn. 1994). Where a conflict is presented between two statutes, a more specific statutory provision takes precedence over a more general provision. Arnwine v. Union Cnty. Bd. of Educ., 120 S.W.3d 804, 809 (Tenn. 2003). Finally, "[a] construction which places one statute in conflict with another must be avoided; therefore, we must resolve any possible conflict between statutes in favor of each other, so as to provide a harmonious operation of the laws." Cronin v. Howe, 906 S.W.2d 910, 912 (Tenn. 1995).

---

[2] The Tennessee Rules of Civil Procedure do not apply to general sessions courts except in certain enumerated instances, none of which are present in this case. Tenn. R. Civ. P. 1.

Both sections 16-15-710 and 16-15-716 relate to the time that a civil action is commenced. The first section provides that a case is commenced upon the "suing out of a warrant," and the latter section provides that a case is commenced when the warrant is "issued by the clerk." While the precise meaning of the term "suing out" is not clear, the term "issue" has a plain and ordinary meaning which is "to send out or distribute officially," Black's Law Dictionary 836 (7th ed. 1990), "a sending or giving out; putting forth." Webster's New World Dictionary of the American Language 778 (1966). "Generally, to issue process means to deliver it to an officer charged by law with its service." 72 C.J.S. Process § 6 (2010). To construe "suing out" to mean nothing more than filing the warrant with the court clerk would be to give the term such a limited construction as to create a conflict between the two code sections and breach the rule that statutes in apparent conflict should be construed to be in harmony. Had the legislature intended that "suing out" be given the limited meaning of "filed," clearly the legislature would not have provided in section 16-15-716 that a case is commenced when the warrant is issued by the clerk. Commenting on the predecessor statute to 16-15-710, section 16-1135, in General Electric Supply Co. v. Arlen Realty & Development Corp., 546 S.W.2d 210 (Tenn. 1977), this Court indicates that the term "suing out" means something more than "filing" and that this distinction results in the imposition of a heavier burden on parties to a suit in a general sessions court:

> It should be noted that in General Sessions Court proceedings, actions are still "commenced" by "suing out" process rather than filing a complaint, T.C.A. § 16-1135. In those courts litigants have to assume some responsibility for seeing that this is timely accomplished, much like the older practice in circuit court, prior to adoption of the civil rules.

Id. at 214 n.4. Further, while "suing out" is a broad and general term, susceptible to various definitions in the context of section 16-15-710, the definition of "issued" considered in its statutory context is specific and limited and, therefore, the former must bow to the latter under the rule that a specific statutory provision shall be given effect over a conflicting general provision. Based upon the plain and ordinary meaning of "issued" and adhering to pertinent rules of statutory construction that whenever the legislature enacts a provision it is aware of other statutes relating to the same subject matter, that statues in pari materia are to be construed together, and that we must resolve any possible conflict between statutes in favor of each other, so as to provide a harmonious operation of the laws, we hold that a civil action in general sessions court is sued out, and thereby commenced, when the warrant is filed *and* issued by the clerk. Our conclusion is bolstered by article VI, section 12 of the Tennessee Constitution, which requires that "*[a]ll writs and other process shall* run in the name of the state of Tennessee and bear test and *be signed by the respective clerks.*" (emphasis added). The courts of this state long ago concluded that leading process that fails

to comply with section 12 is void.  See Wiley v. Bennett, 68 Tenn. 581 (1877).  It is apparent from the face of the warrant filed on November 2, 2007, that it was never issued by the court clerk; therefore, the plaintiff's cause of action was not commenced on that date.

As a final matter, the plaintiff argues that the defendant waived the statute of limitations as a defense because, upon appeal to the circuit court, he did not raise such defense in his initial pleading in that court.  The defendant's initial pleading in his appeal to the circuit court was a demand for jury that did not assert the statute of limitations as a defense.  The plaintiff cites Rule 8.03 of the Tennessee Rules of Civil Procedure, which provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively facts in short and plain terms relied upon to constitute . . . statute of limitations . . . and any other matter constituting an affirmative defense."  We find no merit in this argument.  While the Rules of Civil Procedure are applicable where pertinent to cases appealed from the general sessions court to the circuit court, "*the Rules do not require* the filing of written pleadings, issuance of new process, or *any* other *steps which have been completed prior to the appealing of the case to the circuit court.*"  Vinson v. Mills, 530 S.W.2d 761, 765 (Tenn. 1975) (emphasis added).  The defendant's original motion to dismiss filed in the general sessions court requested dismissal upon assertion that "the statute of limitations had expired."  He was not required to re-plead this defense in his initial pleading on appeal to the circuit court.

**Conclusion**

We hold that because the warrant filed on November 2, 2007, was not issued by the court clerk, the plaintiff failed to commence her cause of action for personal injuries within the time allotted under the statute of limitations.  Therefore, the judgment of the circuit court is reversed to the extent that it denies the motion to dismiss as to the defendant, Clinton Caples, with respect to the plaintiff's claim for personal injuries.  The plaintiff's claim for property damage set forth in the November 13, 2007 civil warrant was timely filed against the defendants within the three-year statutory period.  Therefore, the motion to dismiss the plaintiff's cause of action against Clinton Caples for property damage based on the expiration of the statute of limitations was properly denied and accordingly, to that extent, the judgment of the circuit court is affirmed and the case is remanded to the circuit court for further action in that regard.  Costs on appeal are assessed equally against Clinton Caples and Martha Graham and their respective sureties, for which execution may issue if necessary.

_____
SHARON G. LEE, JUSTICE