# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 3, 2011

## STATE OF TENNESSEE v. PAUL LEON COX

### Direct Appeal from the Circuit Court for Hardin County
### No. 9214     C. Creed McGinley, Judge

### No. W2010-01537-CCA-R3-CD  - Filed October 6, 2011

The defendant, Paul Leon Cox, filed a motion to suppress evidence derived from a traffic stop conducted by a Tennessee Valley Authority (TVA) officer outside of TVA property. The trial court granted the motion, and the State appeals the trial court's ruling. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., J., joined. DAVID H. WELLES, SP.J., not participating.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; Hansel J. McCadams, District Attorney General; and Frankie K. Stanfill, Assistant District Attorney General, for the appellant, State of Tennessee.

Curtis F. Hopper, Savannah, Tennessee, for the appellee, Paul Leon Cox.

## OPINION

### I.  Factual Background

The Hardin County Grand Jury indicted the defendant for driving under the influence (DUI) and violating the implied consent law.  Thereafter, the defendant filed a motion to suppress alleging that the arresting officer, who was employed by TVA as a security officer, did not have the authority to effectuate a traffic stop outside TVA property.

Although the appellate record does not contain a transcript of the suppression hearing, the record does contain the following summary of the proof adduced at the hearing:

1.  Brad Smith was employed as an officer by the Tennessee Valley Authority at Pickwick Dam. He had graduated from the academy and is a certified peace officer.

2.  On March 27, 2009, Officer Smith was on duty but had left Pickwick Dam and was traveling north on Highway 128 in Hardin County, Tennessee.

3.  At approximately eight (8) miles from the property under the jurisdiction of the Tennessee Valley Authority, Officer Smith initiated blue lights on the Defendant, Paul Leon Cox, and eventually made an arrest.

4.  When acting upon the arrest of the Defendant, Paul Leon Cox, the officer was acting under the color of law and not as a citizen.

The trial court granted the defendant's motion to suppress, finding that "the Officer did not have jurisdiction and therefore probable cause did not exist to seize the Defendant." The trial court later dismissed the indictment against the defendant. On appeal, the State challenges the trial court's decision to grant the defendant's motion to suppress.

## II.  Analysis

In reviewing a trial court's determinations regarding a suppression hearing, "[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). Thus, "a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise." Id. Nevertheless, appellate courts will review the trial court's application of law to the facts purely de novo. See State v. Walton, 41 S.W.3d 75, 81 (Tenn. 2001). Furthermore, the prevailing party is "entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence." Odom, 928 S.W.2d at 23.

In the instant case, the State argues that the trial court erred by finding that Officer Smith did not have jurisdiction to stop the defendant. On appeal, the State cites State v. Roger D. Harrison, No. M2002-00603-CCA-R3-CD, 2003 WL 882379 (Tenn. Crim. App. at Nashville, Mar. 7, 2003), and Tennessee Code Annotated section 40-7-109, the "citizens arrest" statute, in support of its argument.

In Harrison, TVA Officer Kevin Pollard, who was returning home after work, stopped Harrison on Highway 840 after observing him "cross the fog line three times on a clear night, while traveling well below the posted speed limit." Harrison, No. M2002-00603-CCA-R3-CD, 2003 WL 882379, at *1. Harrison's eyes were bloodshot, his speech was slurred, and he smelled of alcohol. Id. After admitting to consuming six beers and failing to successfully complete three field sobriety tests, Harrison was arrested for DUI. Id.

In determining whether Officer Pollard had jurisdiction to effectuate the stop, a panel of this court examined Tennessee Code Annotated section 38-3-120, which provides that a TVA peace officer

> "shall have and exercise . . . the power to make arrests for public offenses . . . committed upon, about, or against TVA property or on public roads or rights-of-way passing through or over such property, and, while in pursuit of a person fleeing after committing such an offense, may pursue the person and make arrest anywhere in the state. . . . Notwithstanding any other provision of law, the authorities, responsibilities and liabilities of such officers shall be limited as provided for under this section."

Id. at *2. The court stated that "[t]he act of a TVA officer stopping a motorist for an investigatory traffic stop not occurring on TVA property, nor on state property traversing TVA property, nor in pursuit of a person who has committed a crime on TVA property, is not authorized by [Tennessee Code Annotated section 38-3-120]." Id.

Nevertheless, the court concluded that the proof established that Officer Pollard "was a sworn federal law enforcement officer." Id. at *3. Therefore, the court determined that Officer Pollard had the authority to stop Harrison pursuant to Tennessee Code Annotated section 38-3-113, which provides

> "that a sworn federal law enforcement officer, who in official capacity is authorized by law to make arrests, shall, when making an arrest in this state for a nonfederal offense, have the same legal status and immunity from suit as a state or local law enforcement officer if such arrest is made under the following circumstances: . . .
>
> (2) The officer reasonably believes the person arrested has committed a misdemeanor that amounts to a breach of the peace

-3-

> in the officer's presence or is committing such a misdemeanor
> in the officer's presence[.]"

The court concluded that, pursuant to Tennessee Code Annotated section 38-3-113, "TVA Officer Pollard 'ha[d] the same legal status' as a state or local law enforcement officer would have had in making stop of [Harrison's] vehicle." Id.

As we stated earlier, the State relies on Harrison to support its argument that Officer Smith had jurisdiction to effectuate the stop. However, we respectfully disagree with the conclusion reached in Harrison that the stop was authorized by Tennessee Code Annotated section 39-3-113.

Our supreme court has observed that "[i]n interpreting statutes, we are required to construe them as a whole, read them in conjunction with their surrounding parts, and view them consistently with the legislative purpose." State v. Turner, 913 S.W.2d 158, 160 (Tenn. 1995); see also State v. Carroll, 36 S.W.3d 854, 863-64 (Tenn. Crim. App. 1999). It is well-settled law that a specific statutory provision relating to a particular subject takes precedence over a general provision. See Graham v. Caples, 325 S.W.3d 578, 582 (Tenn. 2010).

Tennessee Code Annotated section 38-3-113 is a general statute dealing with the "legal status" of "sworn federal law enforcement officer[s]." On the other hand, Tennessee Code Annotated section 38-3-120(c) specifically addresses the authority of TVA officers, specifically providing that "[n]otwithstanding any other provision of law," the authority of TVA officers is curtailed to the situations listed in that statutory provision. Therefore, in our view, Tennessee Code Annotated section 38-3-113 is not applicable to a TVA officer.

The State contends that even if Tennessee Code Annotated section 39-3-120 is not applicable, Officer Smith had the authority to make the stop pursuant to Tennessee Code Annotated section 40-7-109, the "citizen's arrest" statute. This claim is likewise unavailing. Tennessee Code Annotated section 40-7-109 provides that in limited situations, a private citizen may be authorized to make an arrest. However, as the defendant notes, the record provided on appeal does not reflect Officer Smith's reason for stopping the defendant, leaving us unable to determine whether there was a legitimate basis for the stop. Therefore, "this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

### III.  Conclusion

In sum, we conclude that because of the inadequacy of the record on appeal, we must presume that the trial court did not err in granting the defendant's motion to suppress and in dismissing the indictment against the defendant.

_____
NORMA McGEE OGLE, JUDGE