IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 12, 2015 Session

**IN RE ESTATE OF TEFFANY TERESA LOVE**

**Appeal from the Probate Court for Madison County**
**No. 1416096     Christy R. Little, Judge**

_____

**No. W2014-02507-COA-R3-CV – Filed September 18, 2015**
_____


This case involves a dispute over the name inscribed on the decedent's headstone. The decedent's surviving husband and her two adult children had the decedent's headstone inscribed to include her alleged biological father's surname. Appellant, the decedent's adoptive father, brought a petition to replace the headstone selected by the appellees. The appellees moved for judgment on the pleadings. The trial court concluded that the appellant did not have standing to challenge the name on the decedent's headstone selected by the surviving spouse and granted the appellees' motion. We interpret Tennessee Code Annotated Section 62-5-703 to grant the decedent's surviving spouse the right to control the inscription on the decedent's headstone as part of the right of disposition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court is Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

William H. Shackelford, Jr., and Christopher G. Covellis, Jackson, Tennessee, for the appellant, Joseph W. Gullett.

Jonathan D. Buckner, Jackson, Tennessee, for the appellees, Ricky Love, Teresa Maness, and Kimberly Horne.

## OPINION

## I. Background

This case involves a dispute over the inscription on a headstone. Teffany Love ("Decedent") died intestate on February 21, 2013. She is survived by her husband, Ricky Love, and two adult daughters, Teresa Maness and Kimberly Horne (together with Mr. Love, "Appellees"). The Decedent is also survived by her mother, Margie Gullett, and her adoptive father, Joseph Gullett ("Appellant"). The headstone selected by the Appellees for the Decedent's grave reads "Teffany Teresa 'Terri' West," and the reverse side of the headstone simply reads "LOVE" in block letters.

On June 12, 2014, Appellant filed a petition to be appointed administrator of the Decedent's estate. On that same day, Appellant also filed a "Petition to Change Headstone" ("the petition"), requesting that he be allowed to change the inscription on the Decedent's headstone to "Teffany Teresa 'Terri' Gullett." In the petition, Appellant alleges that prior to taking her husband's name, the Decedent was known as Teffany Gullett and that Decedent had never used the surname West. The petition also alleges that the Decedent's headstone was inscribed at the request of Bobby West, who claims to be the Decedent's biological father.[1]

On June 16, 2014, the trial court granted letters of administration to the Appellant. On July 24, 2014, the Appellees responded to the Petition to Change Headstone, arguing that the Appellant did not have standing to contest what was inscribed on the Decedent's headstone. On August 8, 2014, the Appellees filed a motion to have the Appellant removed as the administrator of the Decedent's estate. On the same day, Appellees also filed a motion for judgment on the pleadings pursuant to Tennessee Rule of Civil Procedure 12.03, arguing that the Appellant's request for injunctive relief fails to state a claim upon which relief can be granted. The trial court heard the motion for judgment on the pleadings on November 6, 2014. On December 4, 2014, the trial court entered an order granting the Appellees' motion for judgment on the pleadings, concluding that the right to control the headstone and its inscription flows first to Ricky Love and then to Kimberly Horne and Teresa Maness. The trial court further found, pursuant to its interpretation of the relevant statute, that Appellant had no standing to challenge the current inscription on the headstone.

## II. Issue

---

[1] Nothing in the record indicates whether Mr. West's biological relation to the Decedent has been acknowledged or established.

2

Whether the trial court erred when it granted the Appellee's motion for judgment on the pleadings.

### III. Standard of Review

A motion for judgment on the pleadings pursuant to Tennessee Rule of Civil Procedure 12.03 tests the legal sufficiency of a complaint. *See **Harman v. University of Tennessee***, 353 S.W.3d 734, 736 (Tenn. 2011). "In determining the sufficiency of a complaint, we must construe it in the plaintiff's favor, 'by taking all factual allegations in the complaint as true and by giving the plaintiff the benefit of all the inferences that can be reasonably drawn from the pleaded facts.'" ***Id.*** (quoting ***Satterfield v. Breeding Insulation Co.,*** 266 S.W.3d 347, 352 n. 1 (Tenn. 2008)). "A trial court should grant a motion to dismiss 'only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'" ***Webb v. Nashville Area Habitat for Humanity, Inc.***, 346 S.W.3d 422, 426 (Tenn. 2011) (quoting ***Crews v. Buckman Labs Int'l, Inc.***, 78 S.W.3d 852, 857 (Tenn. 2002)). "The determination of whether the facts, as set forth in the complaint, constitute a cause of action, presents a question of law…and accordingly, our review is de novo with no presumption of correctness." ***Harman***, 353 S.W.3d at 736-37 (citing ***Graham v. Caples***, 325 S.W.3d 578, 581 (Tenn. 2010)).

### IV. Statutory Provisions

Our resolution of this case requires us to determine whether Tennessee Code Annotated Section 62-5-703 grants Appellant the right to maintain a suit against the Decedent's surviving spouse and her two adult children to replace the monument and inscription they selected. Section 62-5-703 provides that

> in the absence of disposition directions or a pre-need funeral contract, the right to control the disposition of the decedent's remains, the location, manner and conditions of disposition, and arrangements for funeral goods and services to be provided vests in the following persons in the order named; provided, that such person is a qualified adult:
> (1) An attorney in fact designated in a durable power of attorney for health care who is actuing pursuant to § 34-6-204;
> (2) *The surviving spouse.*
> (3) The sole surviving child of the decedent, or if there is more than one (1) child of the decedent, the majority of the surviving children. However, less than one half (½) of the surviving children shall be vested with the rights of this section if they have used reasonable efforts to notify all other surviving children of their instructions and are not aware of any opposition to those

3

instructions on the part of more than one half (½) of all surviving children;
(4) The surviving parent of the decedent. If one (1) of the surviving parents is
absent, the remaining parent shall be vested with the rights and duties of this
section after reasonable efforts have been unsuccessful in locating the absent
surviving parent;

*Id.* (emphasis added). In order to address the Appellant's argument, we must also determine whether Tennessee Code Annotated Section 46-1-102 affects the rights of disposition granted by Section 62-5-703. Section 46-1-102, which is part of the Chapter titled "Regulation of Cemeteries," defines a "commodity," for the purposes of Chapter 1 of Title 46, as "memorials consisting of permanent monuments or gravemarkers…and foundations or footings of the memorials." *Id.* § 46-1-102(7).

## V. Analysis

In its order granting the Appellees' motion for judgment on the pleadings, the trial court concluded that Tennessee Code Annotated Section 62-5-703 grants the right to control the Decedent's headstone and its inscription first to Ricky Love, and then to the Decedent's two adult children. Appellant argues that while Section 62-5-703 grants Ricky Love, as the Decedent's surviving spouse, the right to control the "location, manner and conditions of disposition," and to make "arrangement for funeral goods and services," it excludes the right to choose a headstone's inscription because Tennessee Code Annotated Section 46-1-102 defines a headstone as a commodity and not funeral goods and services.[2] In contrast, Appellees argue that choosing a headstone inscription falls under the rights outlined in Section 62-5-703 and grants them the exclusive right to make such decisions. Appellees also argue that Appellant has no standing to bring the petition to replace their selected inscription.

When interpreting statutes, courts are to "give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995). When reading "statutory language that is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would limit or expand the statute's application." *Eastman Chemical Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). "[W]e presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by doing so." *Lind v. Beaman Dodge*, 356 S.W.3d 889, 895 (Tenn. 2011). "When a statute is clear, we apply the plain meaning without complicating the task." *Id.* "Our obligation is simply to enforce the written language." *Id.*

---

[2] In the same statute that defines a monument as a "commodity," the legislature also defines a monument as "merchandise." *See* Tenn. Code Ann. § 46-1-102(19).

We first examine Appellant's argument that Tennessee Code Annotated Section 46-1-102 precludes Mr. Love from controlling the inscription on the Decedent's headstone. Appellant argues that because the definition of "commodity" under Section 46-1-102 "includes, but is not limited to, memorials consisting of permanent monuments or gravemarkers…and foundations or footings of the memorials," a headstone cannot be labeled as a "funeral good or service." Therefore, Appellant argues, Section 62-5-703 does not grant the right to control the inscription on a headstone. We conclude that Appellant's reliance on Section 46-1-102 is misplaced. Under a plain reading of this legislation, which regulates cemeteries, we conclude that Tennessee Code Annotated Section 46-1-102 is inapplicable here. The instant case does not deal with the regulation of cemeteries, but rather the right of disposition and the right to make arrangements for funeral goods and services for a decedent.

Turning to the language of Tennessee Code Annotated Section 62-5-703, we must determine whether the right of disposition and the right to make arrangements for funeral goods and services includes control over the inscription on a decedent's headstone. Tennessee's courts have not directly addressed this question. In considering this question here, we note that Appellant does not dispute that Ricky Love, as the surviving spouse of the Decedent, holds the right to control the location, manner, and conditions of disposition of the Decedent's remains.

"Right of disposition" is defined in the statute as "the right to determine the disposition of the remains of a decedent, including the location, manner, and conditions of disposition and arrangements for funeral goods and services." Tenn. Code Ann. § 62-5-701(3). This definition of "right of disposition" is not as limited as the Appellant argues. While the statutory definition does not specifically define the "right of disposition" to include control over an inscription on the decedent's headstone, the statutory language is sufficiently broad to include such a right. Although we have found no caselaw interpreting Tennessee Code Annotated Section 62-5-701 or Section 62-5-703, applying the usual rules of statutory construction, we cannot conclude, as the Appellant contends, that the right to control the "location, manner, and conditions of disposition" and "funeral goods and services" excludes control over the inscription on a decedent's headstone. To conclude that the legislature intended Section 62-5-703 to only grant the right to control the disposition of a decedent's remains and exclude the right to control the inscription on the decedent's headstone is too restrictive an interpretation. It would be illogical for the statute to grant control over such an important decision as how a person is buried or interred, and leave control over the inscription on the decedent's monument open to challenge.

Indeed, this statute was enacted by the legislature to promote certainty in determining who holds the right of disposition, which includes the right to select funeral goods and services. To carve out an exception, as argued by the Appellant, with regard to selection of

the monument and the inscription would lead to an absurd result. Adopting the interpretation suggested by Appellant would also render meaningless the language "funeral goods and services" used by the legislature in this statutory enactment. "Every word used [in a statute] is presumed to have meaning and purpose, and should be given full effect if so doing does not violate the legislature's obvious intent." *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005) (quoting *Marsh v. Henderson*, 424 S.W.2d 193, 196 (Tenn. 1968)). We will not apply a particular interpretation to a statute if that interpretation would yield an absurd result." *State v. Fleming*, 19 S.W.3d 195, 197 (Tenn. 2000). Further, the Appellant has cited no authority for his position, nor has our own research revealed any authority that suggests a conclusion contrary to the one reached here. Therefore, we conclude that Tennessee Code Annotated Section 62-5-703 implicitly provides that the right to control the inscription on a decedent's headstone with the priority of such decisions flowing first to the surviving spouse.

We also note that to conclude otherwise would potentially mean that an individual cannot control what is written on his or her own headstone. Tennessee Code Annotated Section 62-5-702(a) grants a "qualified adult, by entering into disposition directions or a pre-need funeral contract…may direct the location, manner and conditions of disposition of the adult's remains, and the arrangements for funeral goods and services to be provided upon the adult's death." The language of a statute cannot be considered in a vacuum, but "should be construed, if practicable, so that its component parts are consistent and reasonable." *In re Estate of Tanner*, 295 S.W.3d 610, 614 (Tenn. 2009) (quoting *Marsh*, 424 S.W.2d at 196). If we were to conclude that the ability to direct the "location, manner and conditions of disposition" of a decedent's remains under 62-5-703 does not grant the right to control another's tombstone inscription, we would also have to conclude that Section 62-5-702(a) does not grant an adult the right to control what is inscribed on his or her own headstone. Again, such an interpretation would result in uncertainty in the face of a statute enacted to create certainty regarding these important decisions.

The Appellant also argues that inscribing the last name of "West" on the Decedent's headstone constitutes an illegal change of the decedent's name after her death, and that a name change can only be accomplished during a person's life, not after death. An application to change name is controlled by Tennessee Code Annotated 29-8-102, which provides:

> The application to change the name or to correct an error in a birth certificate shall be by petition, in writing, signed by the applicant and verified by affidavit, stating that the applicant is a resident of the county, and giving the applicant's reasons for desiring the change or correction.

*Id.* As observed by the Appellees, the inscription of a certain name on a decedent's

headstone is not an attempt to change a person's name, or correct an error on a person's birth certificate. Also, as argued by the Appellees, nicknames or monikers are frequently used on headstones. The name change statute is simply not implicated when a name other than the decedent's legal name is used on a headstone. We also note that the Appellant has proposed to place the Decedent's nickname, "Terri," on her headstone, as opposed to just Teffany Teresa Gullett. Yet, the Appellant does not seem concerned that doing so would constitute an illegal name change. Although the record is not explicit, we also note that the Decedent may have changed her name upon her marriage. Under the Appellant's rationale, inscribing the Decedent's maiden name on her headstone would also constitute an illegal name change if her name at the time of her death was "Teffany Teresa Love." Appellant's argument regarding the inscription on the decedent's headstone constituting an illegal name change is without merit.

For all of the reasons set out above, we hold that the right to control the disposition of a decedent's remains include the right to control the inscription on a decedent's headstone. It is undisputed that Mr. Love, as the Decedent's surviving spouse, has priority in making this decision. In that this right rests with Mr. Love, the Appellant has no standing or authority to challenge Mr. Love's selection of the name "West" to the exclusion of the name "Gullett." Accordingly, we affirm the trial court's decisions dismissing the Appellant's petition.

## V. Conclusion

The judgment of the trial court is affirmed. The case is remanded for such proceedings as may be necessary and consistent with this opinion. Costs of this appeal are assessed to the Appellant, Joseph W. Gullett, and his surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE

7