IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 12, 2019 Session

## JAIRUS LEE v. ESTES EXPRESS ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-002113-17      Jerry Stokes, Judge**

_____

### No. W2018-00642-COA-R3-CV

_____

A plaintiff injured in a motor vehicle accident filed a civil warrant in general sessions court seeking damages for his personal injuries. The defendants claimed the action was barred by the statute of limitations and moved for judgment on the pleadings. The trial court granted the defendants' motion because the warrant was filed but not issued before the statute of limitations period expired. We affirm the trial court's judgment on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which ARNOLD B. GOLDIN and KENNY W. ARMSTRONG, JJ., joined.

Terrell Lee Tooten, Cordova, Tennessee, for the appellant, Jairus Lee.

Thomas Patrick Cassidy, Jr., Memphis, Tennessee, and Joshua A. Wolfe, Knoxville, Tennessee, for the appellees, Estes Express Lines and Henry Seals, III.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

Jairus Lee filed a civil warrant in general sessions court on January 24, 2014, against Estes Express Lines and Henry Seals ("the Defendants"). Mr. Lee sought damages for personal injuries he sustained from an automobile accident that occurred on January 25, 2013. Mr. Lee's warrant was time-stamped 6:00 p.m., which was after normal working hours. Mr. Lee was provided a Notice of Filing Fees Due with the box next to the following statement checked:

> The General Sessions Court Clerk's Office is in receipt of the lawsuit filed
> in the above. Filing fees are due upon the filing of any lawsuit and you

must contact the Civil Division of General Sessions Court within one business day of this filing to ensure that the lawsuit is properly filed.

The general sessions deputy court clerk notified Mr. Lee on or about January 29, 2014, that a filing fee was due and Mr. Lee paid this fee on January 31, 2014. Mr. Lee filed an amended civil warrant on May 1, 2014. The Defendants moved to remove the lawsuit to Shelby County Circuit Court. Mr. Lee voluntarily nonsuited the case in general sessions court on May 12, 2016, and he filed a complaint for damages in the circuit court on May 12, 2017.

The Defendants filed an answer and asserted several affirmative defenses, including the statute of limitations and insufficient service of process. The Defendants then filed a motion for judgment on the pleadings pursuant to Tenn. R. Civ. P. 12.03. According to the Defendants, Mr. Lee initiated his action outside the statute of limitations, and his failure to have the warrant issued and served in a timely manner barred his claim.[1]

The trial court granted the Defendants' motion, writing as follows:

On January 24, 2014 at 6:00 p.m., a Civil Warrant was filed by Plaintiff in the Shelby County General Sessions Court Clerk's Office against Defendants, Express Estes, Henry Seals, Kevin McCarthy and Ashley McCarthy. The Civil Warrant was stamped filed but no filing fees were paid by Plaintiff because the filing was made after hours. In addition, the case was not assigned a docket number or issuance date. On January 31, 2014, Plaintiff paid the filing fees and the Civil Warrant was issued. On May 1, 2014, Plaintiff filed his amended Civil Warrant. Ultimately, Defendants Estes Express Lines and Henry Seals were served August 24, 2015. The Civil Warrant for the remaining Defendants was returned Not To Be Found (NTBF).

On May 12, 2016, Plaintiff nonsuited his Civil Warrant and on May 12, 2017, Plaintiff filed his action in Circuit Court against Estes Express Lines and Henry Seals. Defendants filed an Answer asserting a defense of insufficient service of process and statute of limitation, as well as a Motion for Judgment on the Pleadings based upon those defenses. Plaintiff filed a Response to Defendants' Motion for Judgment on the Pleadings. The matter was argued before this Court and taken under advisement, after

---

[1]The record does not include a proof of service of either the warrant or the complaint on the Defendants. However, the Defendants represent that they were served with the warrant on August 24, 2015, and Mr. Lee does not dispute this representation.

granting both sides one (1) week to submit any additional written documents or submissions. None was submitted.

Therefore, upon considering the Motion of Defendants and the Response of Plaintiff, the Court has considered the Tennessee Supreme Court case of *Graham v. Caples*, 325 S.W.3d 579 (Tenn. 2010), which is substantially similar to the facts of this case. The Court hereby finds that the original Civil Warrant was not issued within the one (1) year statute of limitations, as the issuance of the Civil Warrant occurred six (6) days after the running of the statute of limitations. In addition, service of the Civil Warrant on the Defendants did not occur until fifteen (15) months from the date from the initial date of issuance. Further, there is no evidence that Plaintiff obtained new process within nine (9) months from the return of the previous unserved process, pursuant to T.C.A. § 16-15-710 (2014).

Mr. Lee filed a motion to set aside or alter or amend the judgment, attaching an affidavit of the process server to his motion. According to the affidavit, the process server initially attempted to serve the Defendants on or about January 31, 2014, without success. Another civil warrant was issued in May 2014, which the process server attempted to serve, but after approximately sixty days he returned the papers to general sessions, indicating that he was unable to locate the Defendants to serve them. The process server received another re-issued warrant in April 2015, and he was finally able to serve the Defendants with this warrant.

The trial court issued an amended order after considering Mr. Lee's motion to set aside or alter or amend the judgment. The court reaffirmed its earlier ruling, stating that "nothing in the submissions of Plaintiff and/or Defendants has established that Plaintiff timely filed his Complaint within the one (1) year statute of limitations."

Mr. Lee appeals the trial court's judgment, arguing that the court erred by granting the Defendants' motion for judgment on the pleadings.

ANALYSIS

A motion for judgment on the pleadings is similar to a motion to dismiss for failure to state a claim upon which relief can be granted. *Berry v. Mortg. Elec. Registration Sys.*, No. W2013-00474-COA-R3-CV, 2013 WL 5634472, at *1 (Tenn. Ct. App. Oct. 15, 2013). "The motion tests only the sufficiency of the complaint; it does not test the strength of the plaintiff's proof." *Id.* When a defendant moves for judgment on the pleadings, courts are to construe the complaint liberally and accept all factual allegations as true. *Cherokee Country Club, Inc. v. City of Knoxville*, 152 S.W.3d 466, 470 (Tenn. 2004); *Young v. Barrow,* 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). A defendant is entitled to a judgment on the pleadings if a plaintiff is unable to prove any

set of facts in support of his or her claim that will entitle him or her to relief. *Young*, 130 S.W.3d at 63. On appeal, we review a trial court's decision on a motion for judgment on the pleadings de novo, with no presumption of correctness. *Id.*

Mr. Lee asserts in his complaint that the Defendants were negligent and that they are liable for the injuries he sustained as a result of the motor vehicle accident that occurred on January 25, 2013. Tennessee Code Annotated section 28-3-104(a)(1)(A) provides that "[a]ctions for . . . injuries to the person" are to "be commenced within one (1) year after the cause of action accrued." Thus, Mr. Lee was required by the statute of limitations to "commence" his action one year after January 25, 2013. According to Rule 6.01 of the Tennessee Rules of Civil Procedure, "the date of the act, event or default after which the designated period of time begins to run is not to be included." Thus, Mr. Lee was required to "commence" his lawsuit on or before January 26, 2014, or it would be barred by the statute of limitations. In 2014, January 26 fell on a Sunday; thus, Mr. Lee had until Monday, January 27, 2014, to commence his action. *See* TENN. R. CIV. P. 6.01.

Pursuant to Tenn. Code Ann. § 16-15-710, "[t]he suing out of a warrant is the commencement of a civil action within the meaning of this title, whether it is served or not." When Mr. Lee filed his civil warrant in 2014, Tenn. Code Ann. § 16-15-716 provided that "[a] civil action in the general sessions courts is commenced by a civil warrant issued by the clerk . . . ." The Tennessee Supreme Court addressed the meaning of these statutes in *Graham v. Caples*, 325 S.W.3d 578 (Tenn. 2010). In that case, the plaintiff filed her civil warrant in the general sessions court within the statute of limitations, she paid the filing fee, and the court clerk date-stamped the warrant. *Graham*, 325 S.W.3d at 581. However, the warrant was not assigned a docket number, contained no issuance date, and was not issued and signed by the clerk or deputy clerk of the general sessions court. *Id.* The trial court dismissed the plaintiff's case after determining that the warrant "was not effective to commence the plaintiff's action." *Id.* The plaintiff sought permission to file an interlocutory appeal, which the Supreme Court granted, to address the issue of "whether a civil action in general sessions court is commenced for the purposes of tolling the statute of limitations when the original civil warrant is filed with the court clerk but is never issued by the clerk." *Id.*

The *Graham* Court wrote that "[w]hile the precise meaning of the term 'suing out' is not clear, the term 'issue' has a plain and ordinary meaning which is 'to send out or distribute officially,' [or] 'a sending or giving out; putting forth.'" *Id.* at 582 (quoting BLACK'S LAW DICTIONARY 836 (7th ed. 1990) and WEBSTER'S NEW WORLD DICTIONARY OF THE AMERICAN LANGUAGE 778 (1966)). If "suing out" meant nothing more than filing the warrant with the court clerk, the Court wrote, a conflict would be created between the two statutes at issue, and the legislature would not have included the language in § 16-15-716, which provides that a case is commenced when the warrant is "issued" by the clerk. *Id.* at 582. The Court concluded:

Based upon the plain and ordinary meaning of "issued" and adhering to pertinent rules of statutory construction that whenever the legislature enacts a provision it is aware of other statutes relating to the same subject matter, that statutes in pari materia are to be construed together, and that we must resolve any possible conflict between statutes in favor of each other, so as to provide a harmonious operation of the laws, we hold that a civil action in general sessions court is sued out, and thereby commenced, when the warrant is filed *and* issued by the clerk.

*Id.* at 583. Because the warrant in *Graham v. Caples* was not issued by the court clerk on the date it was filed, the Court held that the plaintiff's cause of action was not commenced on that date. *Id.*

The holding in *Graham v. Caples* determines the outcome in this case. No evidence appears in the record that Mr. Lee's warrant was issued before January 31, 2014. Mr. Lee was required to commence his lawsuit no later than January 27, 2014, to comply with the one-year statute of limitations. Because his civil warrant was not both filed and issued on or before this date, Mr. Lee failed to commence his action in a timely manner and his lawsuit is barred by the one-year statute of limitations. Accordingly, we affirm the trial court's judgment granting the Defendants' motion for judgment on the pleadings.[2] All other issues, including the Defendants' assertion that they were not properly served, are pretermitted.

CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Jairus Lee, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

---

[2]Tennessee Code Annotated section 16-15-716 was amended effective May 4, 2017. As amended, the statute provides that "[a] civil action in the general sessions courts is commenced by a civil warrant being filed with the clerk . . . ." The Defendants had a vested right in the statute of limitations defense prior to the change in legislation that is constitutionally protected and cannot be disturbed. *See Wyatt v. A-Best Prods. Co., Inc.*, 924 S.W.2d 98, 103-04 (Tenn. Ct. App. 1995) (citing Tenn. Const. art. I, § 20 and *Girdner v. Stephens*, 48 Tenn. 280, 286 (Tenn. 1870)). Thus, the version of the statute that was in effect when the statute of limitations expired in 2015 governs this case.