IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 16, 2024 Session

## LAKEWAY REAL ESTATE2, LLC v. ERA FRANCHISE SYSTEMS, LLC

**Appeal from the Chancery Court for Jefferson County**
**No. 22-CV-150        James H. Ripley, Chancellor**

_____

**No. E2023-00764-COA-R3-CV**
_____

This appeal arises out of a contract dispute between Lakeway Real Estate2, LLC f/k/a Lakeway Real Estate, LLC ("Lakeway"), and ERA Franchise Systems, LLC f/k/a ERA Franchise Systems, Inc. ("ERA"). Lakeway filed a complaint in the Chancery Court for Jefferson County (the "trial court") seeking declaratory relief and a ruling that a noncompete provision within a Franchise Agreement (the "Agreement") is unenforceable as a matter of law. ERA moved to dismiss the complaint, arguing the Venue and Jurisdiction clause (the "Clause") of the Agreement makes the trial court an improper venue. The trial court granted ERA's motion to dismiss. Because the Clause, when read in context with no disproportionate emphasis on one portion, provides permissive, but not mandatory, jurisdiction and venue in New Jersey, we reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded**

Kristi M. Davis, J., delivered the opinion of the Court, in which D. Michael Swiney, C.J., and John W. McClarty, J., joined.

Matthew A. Grossman and Rebekah P. Harbin, Knoxville, Tennessee, for the appellant, Lakeway Real Estate2, LLC.

Heather Gwinn and Jacquelyne D. Fiala, Franklin, Tennessee, for the appellee, ERA Franchise Systems, LLC.

# OPINION

## BACKGROUND

The appellant, Lakeway, is a limited liability company organized under the laws of Tennessee with its principal place of business in Jefferson County, Tennessee. Appellee, ERA, is a limited liability company organized under the laws of Delaware but duly authorized to conduct business in Tennessee. In December of 2014, the parties entered into an Agreement[1] with ERA as the franchisor and Lakeway as the franchisee. As relevant, the Agreement states:

> Venue and Jurisdiction. You submit to the non-exclusive personal jurisdiction of the state and federal courts of New Jersey for any litigation arising out of or related to this Agreement or to any aspect of the business relationship between the parties. Such litigation will have venue in state courts in Morris County, New Jersey, or in the United States District Court for the District of New Jersey.

Lakeway initiated these proceedings by filing its complaint in the trial court on December 27, 2022. Lakeway sought a declaratory judgment that ERA was the first to materially breach the Agreement, thus releasing Lakeway from any further obligation under the Agreement. Lakeway also sought a ruling that a noncompete provision within the Agreement was unenforceable as a matter of law.

On February 6, 2023, ERA moved to dismiss the complaint, arguing that under Tennessee Rule of Civil Procedure 12.02(3), the trial court is an improper venue. ERA alleged that the Clause mandates cases be filed exclusively in two specific New Jersey courts. Lakeway responded to the motion on April 10, 2023, arguing that the Clause is permissive as opposed to mandatory and merely provides another state in which suit may be brought.[2] Stated differently, Lakeway's position was that litigation arising from the Agreement may be, but is not required to be, filed in New Jersey courts.

The trial court held a hearing on ERA's motion to dismiss on April 12, 2023. On May 16, 2023, the trial court entered an order granting ERA's motion to dismiss under Rule 12.02(3).[3] The trial court found that litigation arising out of or related to the

---

[1] The Agreement establishes that ERA, as franchisor, will provide certain services to Lakeway, as franchisee, in exchange for a percentage of Lakeway's real estate transaction commissions.

[2] It is undisputed that the Agreement is governed by New Jersey substantive law.

[3] The trial court denied ERA's motion to dismiss under Rule 12.02(6), finding the complaint did set forth a case for declaratory relief. This issue has not been raised on appeal, however.

Agreement or business relationship between the parties must be filed in a New Jersey court. The trial court reasoned that the term "non-exclusive" contained in the first sentence of the Clause made personal jurisdiction non-exclusive regarding the *New Jersey* state or federal court in which the case could be filed but had no effect on the second sentence. Consequently, the trial court dismissed the case for lack of venue. From this order, Lakeway timely appeals to this Court.

## ISSUE

The appellant raises one issue on appeal, which we restate slightly:

I. Whether the trial court erred in granting ERA's motion to dismiss under Tennessee Rule of Civil Procedure 12.02(3) based on its holding that the forum selection clause in Section 22.7 of the parties' Agreement designated New Jersey as the exclusive venue for litigation relating to the Agreement.

## STANDARD OF REVIEW

This Court has previously addressed the standard of review for a motion to dismiss based upon a forum selection clause:

> In considering an appeal from a trial court's ruling on a motion to dismiss, we take all allegations of fact in the complaint as true and review the trial court's legal conclusions de novo with no presumption of correctness. *Mid-South Industries, Inc. v. Martin Mach. & Tool, Inc.*, 342 S.W.3d 19, 27 (Tenn. Ct. App. 2010) (citing *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996)); *see also Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.*, 418 S.W.3d 547, 553 (Tenn. 2013) (citing *Graham v. Copies*, 325 S.W.3d 578, 581 (Tenn. 2010)) ("The trial court's denial of [d]efendants' motions to dismiss involves a question of law, and, therefore, our review is de novo with no presumption of correctness.").

*Kopecky v. Holiday Inn Club Vacations, Inc.*, No. E2022-01137-COA-R3-CV, 2023 WL 4583622, at \*4 (Tenn. Ct. App. July 18, 2023) (quoting *Johnson v. Tomcat USA, Inc.*, No. E2021-00057-COA-R9-CV, 2021 WL 3737055, at \*2 (Tenn. Ct. App. Aug. 24, 2021)), *no perm. app. filed*. We therefore review the trial court's decision to grant ERA's motion to dismiss for improper venue *de novo* with no presumption of correctness.

## DISCUSSION

The crux of the issue before this Court is interpretation of the Clause. Lakeway contends that the term "non-exclusive" within the Clause merely indicates that New Jersey

courts are a *permissive* forum in which suit may be filed. Lakeway further contends that interpreting the second sentence of the Clause to be mandatory regarding venue, while reading the first sentence as permissive regarding personal jurisdiction, renders the first sentence meaningless, as a court needs both personal jurisdiction and proper venue to hear a case. ERA conceded at oral argument in this matter that personal jurisdiction is non-exclusive to New Jersey courts but argues that the second sentence mandates New Jersey courts as the only proper venue. Here, we agree with Lakeway and reverse the trial court's ruling, and we remand the case for further proceedings.

In interpreting a contract, a court's "only charge is to give a faithful and logical reading to the words chosen by the parties to the agreement[.]" *Boyle v. Huff*, 314 A.3d 793, 798 (N.J. 2024) (quoting *GMAC Mortg., LLC v. Willoughby*, 165 A.3d 787, 792 (N.J. 2017)). To do so, the court must "read the document as a whole in a fair and common sense manner," *id.* (quoting *Hardy ex rel. Dowdell v. Abdul-Matin*, 965 A.2d 1165, 1169 (N.J. 2009)), recognizing that "[d]isproportionate emphasis upon a word or clause or single provision does not serve the purpose of interpretation[.]" *Id.* (quoting *Republic Bus. Credit Corp. v. Camhe-Marcille*, 887 A.2d 185, 188 (N.J. App. Div. 2005) (alteration in original)). Therefore, "[w]ords and phrases are not to be isolated but [rather, should be] given the meaning that comports with the probable intent and purpose." *Id.* (quoting *Newark Publishers' Ass'n v. Newark Typographical Union*, 126 A.2d 348, 352–53 (N.J. 1956)).

Depending upon its specific terms, a forum selection clause may be either mandatory or permissive. *See Paradise Enters. Ltd. v. Sapir*, 811 A.2d 516, 527 (N.J. App. Div. 2002). Few reported cases in New Jersey discuss mandatory versus permissive forum selection clauses, and it is therefore necessary to look to other courts regarding this distinction.[4] When a forum selection clause is mandatory, the courts enumerated in the clause have exclusive jurisdiction of all cases arising from the agreement at issue. *See*

---

[4] Both parties rely on *Besler v. Coluccio*, No. A-1078-10T4, 2012 WL 3822090 (N.J. Super. Ct. App. Div. Sept. 5, 2012) in their briefs. This case, as well as others cited in the parties' briefs, is an unpublished case pursuant to N.J. Ct. R. 1:36-3. This rule provides that

> [n]o unpublished opinion shall constitute precedent or be binding upon any court. Except for appellate opinions not approved for publication that have been reported in New Jersey Tax Court Reports or an authorized administrative law reporter, and except to the extent required by *res judicata*, collateral estoppel, the single controversy doctrine or any other similar principle of law, no unpublished opinion shall be cited by any court. No unpublished opinion shall be cited to any court by counsel unless the court and all other parties are served with a copy of the opinion and of all contrary unpublished opinions known to counsel.

We understand the foregoing rule to mean that we may not rely on *Besler*, or any other unreported New Jersey case, cited by the parties, in our analysis.

*Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 758 n.7 (3d. Cir. 1973).  However, when the clause is permissive, the parties merely consent to a jurisdiction and venue that may not ordinarily govern them or otherwise be proper.  *See id*.  When determining whether a forum selection clause is mandatory or permissive, courts look for "reference to venue[,] [] language indicating the parties' intent to make jurisdiction exclusive[,] and [] language indicating a suit elsewhere is forbidden."  *Keehan Tenn. Inv., L.L.C. v. Praetorium Secured Fund I, L.P.*, 71 N.E.3d 325, 332 (Ohio App. 9 Dist. 2016).

One case Lakeway cites on appeal, which is both citable[5] and helpful, is *Networld Commc'ns, Corp. v. Croatia Airlines, D.D.*, No. 13-4770 SDW, 2014 WL 4724625 (D.N.J. Sept. 23, 2014).  In that case, the United States District Court for the District of New Jersey had to determine, citing law from various jurisdictions, whether a forum selection clause was permissive or mandatory.  *Networld Commc'ns, Corp.*, 2014 WL 4724625, at *1.  The parties disputed the following clause:

> Article 24.  Governing Law – Choice of Jurisdiction.  This Agreement shall be governed by and construed in accordance with the laws of the Republic of Croatia. . . .  All disputes arising out of this Agreement that cannot be resolved by negotiation shall be submitted to the court of competent jurisdiction in Zagreb, Republic of Croatia, *which jurisdiction shall be non-exclusive*.

*Networld Commc'ns, Corp.*, 2014 WL 4724625, at *1 (emphasis added).  The plaintiff sued the defendants in the district court alleging, *inter alia*, breach of contract and fraud, and one of the defendants moved to dismiss the case on *forum non conveniens* grounds.  *Id.* at *1–2.  The district court denied the motion to dismiss and held that the clause was permissive, as "[t]he inclusion of the modifier 'which jurisdiction shall be non-exclusive,'

---

[5] Both parties cite to this district court opinion.  As a district court opinion, this case is not subject to N.J. Ct. R. 1:36-3.  Instead, it is subject to Federal Rule of Appellate Procedure 32.1 which provides that

> [a] court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been: (i) designated as "unpublished," "not for publication," "non-precedential," "not precedent," or the like; and (ii) issued on or after January 1, 2007.

> [] If a party cites a federal judicial opinion, order, judgment, or other written disposition that is not available in a publicly accessible electronic database, the party must file and serve a copy of that opinion, order, judgment, or disposition with the brief or other paper in which it is cited.

We understand the foregoing rule to mean that we may rely on *Networld Commc'ns, Corp.* as persuasive authority in our analysis.

[] evidences the parties' intent that Zagreb is not the only forum in which disputes arising from the contract can be brought." *Networld Commc'ns, Corp.*, 2014 WL 4724625, at *3.

Pursuant to New Jersey law, we must faithfully and logically interpret the words chosen by the parties. *See Boyle*, 314 A.3d at 798 (quoting *GMAC Mortg., LLC*, 165 A.3d at 183). The Clause contains two sentences, which pertain to personal jurisdiction and venue, respectively. Both parties concede that the first sentence of the Clause provides for non-exclusive personal jurisdiction over the parties in New Jersey. However, the parties differ in their proposed interpretation of the second sentence. The initial language of the second sentence, "[s]uch litigation," references back to the language of the first sentence, signaling that the two sentences should be read cohesively, "as a whole in a fair and common sense manner." *Id.* (quoting *Hardy ex rel. Dowdell*, 965 A.2d at 1169). Nonetheless, ERA argues that despite the "non-exclusive" language of the first sentence, the second sentence of the Clause makes venue mandatory in two specific New Jersey courts. ERA urges that "will have venue" renders the entire Clause mandatory.

We disagree with ERA, however, as such a reading does not allow for a fair, cohesive reading of the entire Clause. Rather, ERA's interpretation, in which "will have venue" is the dispositive language, omits and ignores the term "non-exclusive" and severs the Clause into two unreconcilable provisions. *See Boyle*, 314 A.3d at 798. New Jersey law does support this interpretation. *See id.* (quoting *Newark Publishers' Ass'n,* 126 A.2d at 352–53). Indeed, it makes little sense to conclude that venue is mandatory and lies only in two New Jersey courts, while interpreting the first sentence to mean that personal jurisdiction could hypothetically lie in a state other than New Jersey.

New Jersey law requires that rather than isolating certain words or phrases, the Clause should be "given the meaning that comports with the probable intent and purpose." *Boyle*, 314 A.3d at 798 (quoting *Newark Publishers' Ass'n*, 126 A.2d at 352–53). Under this logic, reading the two sentences of the Clause separately would not comport with either the probable intent or purpose of the Clause, which is to establish 1) "non-exclusive" personal jurisdiction in New Jersey courts, and 2) proper venue *should* the case be filed in New Jersey. Again, ERA's interpretation permitting *non-exclusive* personal jurisdiction in New Jersey courts cannot be harmonized with mandating venue in New Jersey, as a court needs both personal jurisdiction and proper venue to adjudicate a case. Moreover, contrary to its argument on appeal, the phrase "will have venue" does not save ERA's argument. Considered in context, this language does not indicate that venue *must* be in New Jersey in all circumstances, but instead indicates the venue if the case is filed in a New Jersey court.

Here, as in *Networld Commc'ns, Corp.*, the term "non-exclusive" is an important modifier. *See Networld Commc'ns, Corp.*, 2014 WL 4724625, at *1. In *Networld Commc'ns, Corp.*, the district court found that this modifier "evidence[d] the parties' intent that Zagreb[, the forum mentioned in the clause, was] not the only forum in which disputes

arising from the contract c[ould] be brought." *Id.* at *3. Following this logic, the inclusion of "non-exclusive" in the first sentence of the Clause is evidence of the parties' intent at the time of drafting to make New Jersey a permissive, but not mandatory, jurisdiction for disputes arising out of the Agreement. The first sentence means that the parties have consented to the state and federal courts of New Jersey having jurisdiction over them. This is not to say, however, that they are consenting to personal jurisdiction only in New Jersey. Given the language of the Clause when read as a whole, ERA's position is unworkable. ERA urges that *Networld Commc'ns, Corp.* is distinguishable because the clause at issue in that case did not directly reference venue and dealt only with jurisdiction. This is, however, a distinction without a difference. The term "non-exclusive" in both *Networld Commc'ns, Corp.* and the case at bar acts as a modifier for the entire Clause at issue.

Consequently, the trial court erred in concluding that New Jersey is the exclusive forum in which this litigation may be filed. Thus, we reverse.

## CONCLUSION

The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion. Costs on appeal are assessed to the appellee, ERA Franchise Systems, LLC f/k/a ERA Franchise Systems, Inc., for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE