IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 6, 2016 Session

## DAVID H. McCORD v. HCA HEALTH SERVICES OF TENNESSEE, INC.

**Appeal from the Circuit Court for Davidson County**
**No. 13C291  Kelvin D. Jones, Judge**
———————————————————

**No. M2016-00240-COA-R3-CV – Filed September 27, 2016**
———————————————————

Surgeon brought suit against a hospital alleging multiple causes of action, two of which were dismissed upon the hospital's motion for dismissal for failure to state a claim for relief. Pursuant to Tenn. Code Ann. § 20-12-119(c), the hospital filed a motion seeking recovery of costs and attorneys' fees related to the dismissal of the two claims; the trial court granted the motion.  Plaintiff appeals.  We find no error in the award and, accordingly, affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

C. Bennett Harrison, Jr., and John D. Kitch, Nashville, Tennessee, for the appellant, David H. McCord, M.D.

C. J. Gideon, Jr., and Kaycee Weeter, Nashville, Tennessee, for the appellee, HCA Health Services of Tennessee, Inc. d/b/a Centennial Medical Center.

## OPINION

This case comes before us a second time; the procedural history and salient facts are set forth in *McCord v. HCA Health Servs. of Tennessee, Inc.*, No. M2014-00142-COA-R3-CV, 2015 WL 1914634 (Tenn. Ct. App. Apr. 27, 2015), *appeal denied* (Oct. 15, 2015)). Dr. David McCord filed suit against HCA Health Services of Tennessee, doing business as Centennial Medical Center ("HCA"), asserting causes of action for breach of contract, defamation, common law and statutory disparagement, and intentional interference with existing and prospective business relationships, all arising out of the revocation of his

surgical privileges. The trial court dismissed the causes of action predicated on breach of contract pursuant to Tenn. R. Civ. P. 12.02(6) (counts I and II of the Complaint) and dismissed the remaining causes of action for lack of subject matter jurisdiction pursuant to Rule 12.02(1). In the first appeal, we affirmed the dismissal of the breach of contract causes of action and reversed the court's dismissal of the tort causes of action for lack of subject matter jurisdiction; we proceeded to grant summary judgment as to the tort causes of action and dismissed the case. The Tennessee Supreme Court denied Dr. McCord's application for permission to appeal.

While the first appeal was pending, HCA moved for an award of attorney's fees and costs pursuant to Tenn. Code Ann. § 20-12-119(c). When the case was remanded, Dr. McCord filed an opposition to the motion, and a hearing was held. The trial court granted the motion and awarded HCA fees and costs in the amount of $10,000. Dr. McCord appeals.

Our standard of review was aptly set forth in *Snyder v. First Tennessee Bank, N.A.*:

We generally review an award of discretionary costs according to an abuse of discretion standard. *See* Tenn. Code Ann. § 20-12-119(a)–(b); *Placencia v. Placencia,* 3 S.W.3d 497, 503 (Tenn. Ct. App. 1999) ("Absent a clear abuse of discretion, appellate courts generally will not alter a trial court's ruling with respect to costs."). Under Tennessee Code Annotated § 20-12-119(c), this Court continues to review the trial court's factual determination of whether litigation costs, including attorney's fees, are reasonable under an abuse of discretion standard. *See Wright ex rel. Wright v. Wright,* 337 S.W.3d 166, 176 (Tenn. 2011). . . . However, apart from these specific factual determinations, the standard of review for the award of litigation costs pursuant to Tennessee Code Annotated § 20-12-119(c) is a matter of law due to the mandatory language of the statute. . . . [W]e review matters of law *de novo* with no presumption of correctness. *See Cunningham [v. Williamson Cnty. Hosp. Dist.],* 405 S.W.3d [41,] at 43 [Tenn. 2013].

No. E2015-00530-COA-R3-CV, 2016 WL 423806, at *8 (Tenn. Ct. App. Feb. 3, 2016).

Tenn. Code Ann. § 20-12-119, subsection (c) reads in pertinent part:

(1) Notwithstanding subsection (a) or (b), in a civil proceeding, *where a trial court grants a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief may be granted, the court shall award the party or parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted the costs and reasonable and necessary attorney's fees incurred in the proceedings as a consequence of the dismissed claims by that party or parties.*

2

The awarded costs and fees shall be paid by the party or parties *whose claim or claims* were dismissed as a result of the granted motion to dismiss.

(2) Costs shall include all reasonable and necessary litigation costs actually incurred due to the proceedings that resulted from the filing of the dismissed claims, including, but not limited to:

(A) Court costs;
(B) Attorneys' fees;
(C) Court reporter fees;
(D) Interpreter fees; and
(E) Guardian ad litem fees.

(3) An award of costs pursuant to this subsection (c) shall be made only after all appeals of the issue of the granting of the motion to dismiss have been exhausted and if the final outcome is the granting of the motion to dismiss. The award of costs and attorneys' fees pursuant to this section shall be stayed until a final decision which is not subject to appeal is rendered.

(4) Notwithstanding any other provision of this section, the court shall not require a party to pay costs under this section in excess of a combined total of ten thousand dollars ($10,000) in any single lawsuit. . . . Nothing in this section shall be construed to limit the award of costs as provided for in other sections of the code or at common law. . . .

(Emphasis added).

Tenn. Code Ann. § 20-12-119(c)(1) mandates that the court award the party "against whom the dismissed claims were pending at the time the successful motion to dismiss was granted" costs and reasonable attorney's fees. Dr. McCord contends that the statute "should be construed as requiring that the whole case be dismissed under 12.02(6) in order to implicate this fee shifting arrangement."

When construing statutes, we "presume[] that the legislature intended every word be given full effect"; "[t]herefore, if the 'language is not ambiguous . . . the plain and ordinary meaning of the statute must be given effect.'" *Graham v. Caples*, 325 S.W.3d 578, 582 (Tenn. 2010) (ellipsis in original) (citing *Lanier v. Rains,* 229 S.W.3d 656, 661 (Tenn. 2007) and quoting *In re Adoption of A.M.H.,* 215 S.W.3d 793, 808 (Tenn. 2007)). Accordingly, we do not construe "claims," as that term is used in Tenn. Code Ann. § 20-12-119(c)(1) in the fashion urged by Dr. McCord; rather, "claims" and the phrase "claim or claims" in subsection 119(c)(1) means a specific cause of action or application for relief within a lawsuit.

3

"Claim" or "claims" is commonly used to describe such an application for relief, and a party is permitted to "state as many separate claims or defenses as he or she has" in his or her pleading. Tenn. R. Civ. P. 8.05(2).[1] Presuming that "every word in a statute has meaning and purpose," *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005), and observing that the Legislature chose to use the words "lawsuit" and "action" rather than "claim" or "claims" elsewhere in the same statute,[2] leads us to this construction. Thus, we interpret Tenn. Code Ann. § 20-12-118(c)(1) to permit recovery of costs and reasonable attorneys' fees when one or more claims within a lawsuit are dismissed pursuant to Rule 12.02(6).

Dr. McCord relies on the following language from *Snyder* to assert that "the entire action is to be dismissed for failure to state a claim upon which relief can be granted before costs can be awarded under the statute":

> [Tenn. Code Ann.] Subsection 119(c) provides for a defendant to recover up to $10,000 in "reasonable and necessary litigation costs," including court reporter's and attorney's fees, from a plaintiff when the plaintiff's action is dismissed for failure to state a claim upon which relief can be granted.

2016 WL 423806, at *5. This holding is not inconsistent with our construction of the statute. The complaint in *Snyder* only asserted a cause of action for breach of contract, thus in that instance the word "claim" would be synonymous with the word "action." In this case, however, multiple claims for relief were asserted, two of which were dismissed pursuant to Rule 12.02(6), and a proper construction of the statute leads to the holding we reach.

Dr. McCord next contends that the "final outcome was not the granting of the motion to dismiss but, rather, the granting of Centennial's motion for summary judgment." This argument references the motion he filed to revise the order dismissing the breach of contract causes of action; he attached as exhibits to the motion his unsworn declaration and his counsel's affidavit. He states in his brief that "[t]hese were matters outside the pleadings and were not excluded by the trial court. . . the trial court clarified its order based upon this motion and *presumably* considered this proof" (emphasis added).

---

[1] Various rules illustrate this construction of the word "claim" by referring to claim(s) as a part of a complaint or pleading and not constituting the pleading itself. *See* Tenn. R. Civ. P. 8.01 ("a pleading . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief"); Tenn. R. Civ. P. 10.02 ("[e]ach claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of matters set forth"). *See also* Tenn. R. Civ. P. 12.02; 13.01, 13.05, 13.09; 18.01 and 18.02.

[2] *See* Tenn. Code Ann. § 20-12-119(c)(4), limiting recovery to $10,000 "in any single lawsuit" and § 20-12-119(c)(5)(A) and (D), pertaining to "actions" by or against the state or by pro se litigants, respectively.

In support of this argument Dr. McCord cites to the order disposing of his motion to revise wherein the court states:

[T]his Court DENIES Plaintiff's Motion to Revise the judgment of its June 27, 2013 Order, which dismissed Counts I and II of the Plaintiff's Complaint, pursuant to Tenn. R. Civ. P. 12.02(6). However, this Court revises its June 27, 2013 Order to provide additional clarification of the reasons for dismissing Counts I and II.

The order proceeded to discuss in greater detail the provisions of the bylaws upon which the original Rule 12 dismissal was based; this discussion is explanatory in nature, and there is nothing in the discussion to indicate that the court considered the affidavit or declaration. Dr. McCord does not otherwise cite to any evidence from which we could reach such a determination, and we cannot presume that the trial court did so in the absence of the same. We see no basis in the record to conclude that the court considered the matters in the affidavit or the declaration in disposing of the motion to revise; accordingly, the motion to dismiss was not converted into one for summary judgment.

We next address whether the court abused its discretion in awarding $10,000 in fees and costs to HCA. Dr. McCord asserts that the affidavit of opposing counsel "does not differentiate between the time expended on issues unrelated to the granting of the original motion to dismiss." Our review of the affidavit leads us to a different conclusion.

In addition to the itemization of time and services rendered, HCA's counsel included in the affidavit the following explanation:

The fees and costs for which an amount is reflected were reasonable and necessary to defend the claims in Counts I and II of the Complaint. Work that included time and effort addressing Counts I and II of the Complaint, but [as to which] no allocation could be made, is shown with a "NC" entry in the [amount] column.

We have examined the affidavit and conclude that it is sufficiently detailed as to both the work performed and the time spent on the tasks listed. The total of attorneys' fees for the services reflected in the affidavit was in excess of $26,000 and more than $2,000 in costs. Citing Tenn. Code Ann. § 20-12-119(c), the trial court granted HCA judgment in the amount of $10,000. The decision was consistent with the proof and we discern no basis upon which to determine that the court abused its discretion in making the award.[3]

---

[3] Dr. McCord asserts that "all of the work performed beginning in November of 2013 had nothing to do with the motion to dismiss that was granted." HCA disagrees with his assertion. While Dr. McCord argues that the affidavit contains costs that do not relate to the initial motion to dismiss and does not properly show the

5

For the foregoing reasons, we affirm the judgment of the trial court.


_____

RICHARD H. DINKINS, JUDGE

---

division of labor, we conclude that the affidavit demonstrates that even before Dr. McCord filed the motion to revise in November 2013, HCA had already incurred more than $10,000 in attorney's fees, the maximum amount of fees allowed by Tenn. Code Ann. § 20-12-119(c)(4). The evidence supports the court's decision to award fees in this amount.