# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 25, 2016 Session

## TIFFINNE WENDALYN GAIL RUNIONS, ET AL. v. JACKSON-MADISON COUNTY GENERAL HOSPITAL DISTRICT, ET AL.

### Appeal from the Circuit Court for Madison County
#### No. C-14-46    Donald H. Allen, Judge

---

### No. W2016-00901-COA-R9-CV – Filed February 7, 2017

---

This is an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. In this health care liability action, we must determine whether the plaintiff properly complied with the pre-suit notice requirement found in Tennessee Code Annotated section 29-26-121(a)(1). The original defendants in this matter all filed a motion to dismiss and/or for summary judgment alleging that they did not provide medical treatment to the plaintiff/appellee. Subsequently, the plaintiff filed a response to the defendants' motion acknowledging that she had mistakenly identified a proper defendant in this suit. The plaintiff also filed a motion to amend her complaint attempting to remedy that mistake by substituting in the proper defendant. After both motions were heard, the trial court denied the original defendants' motion to dismiss and/or for summary judgment and granted the plaintiff/appellee's motion to amend her complaint. For the following reasons, we affirm the decision of the trial court and remand for further proceedings.

### Tenn. R. App. P. 9 Interlocutory Appeal by Permission; Judgment of the Circuit Court Affirmed and Remanded

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., joined. BRANDON O. GIBSON, J., filed a separate dissenting opinion.

Patrick W. Rogers, Jackson, Tennessee, for the appellants, Jackson-Madison County General Hospital District, West Tennessee Healthcare, Inc., and West Tennessee Healthcare Network.

Mark Norman Geller and Russell D. Marlin, Memphis, Tennessee, for the appellee, Tiffinne Wendalyn Gail Runions.

# OPINION

## I. FACTS & PROCEDURAL HISTORY

This health care liability action arises out of the alleged wrongful death of Laileeana Scott, daughter of Plaintiff/Appellee Tiffinne Wendalyn Gail Runions ("Ms. Runions"). On November 9, 2012, Ms. Runions gave birth by cesarean section to Laileeana Scott at Jackson-Madison County General Hospital. On November 14, 2012, Laileeana Scott died, allegedly as a result of negligence that occurred at Jackson-Madison County General Hospital both before and during the birthing process.

On October 18, 2013, counsel for Ms. Runions sent pre-suit notice pursuant to Tennessee Code Annotated section 29-26-121 to the following entities, among others, at the following addresses:

> Bolivar General Hospital, Inc. ("BGH")
> d/b/a Jackson-Madison County General Hospital, Inc.
> c/o Currie Higgs, Registered Agent
> 620 Skyline Drive
> Jackson, TN 38301-3923
>
> West Tennessee Healthcare, Inc. ("WTH")
> d/b/a Jackson-Madison County General Hospital, Inc.
> c/o Currie Higgs, Registered Agent
> 620 Skyline Drive
> Jackson, TN 38301-3923
>
> West Tennessee Healthcare Network ("WTHN")
> d/b/a Jackson-Madison County General Hospital, Inc.
> c/o Currie Higgs, Registered Agent
> 620 Skyline Drive
> Jackson, TN 38301-3923

(collectively, the "Defendants"). Each of these pre-suit notice letters was mailed via certified mail, return receipt requested, to the same address and to the same person, Ms. Currie Higgs, who is the agent for service of process for BGH, WTH, and WTHN. Ms. Higgs is also the General Counsel for the Jackson-Madison County General Hospital District (the "District").

On October 25, 2013, Ms. Laura Zamata, "Director of Risk Management" for the

2

District,[1] sent a letter to Ms. Runions' counsel acknowledging receipt of a pre-suit notice letter. In relevant part, Ms. Zamata's letter stated as follows:

> I am in receipt of your letter dated October 18, 2013, referencing a claim on behalf of Tiffinne Wendalym [sic] Gail Runions for patient, Laileena [sic] Wendalee Scott (deceased). ***The District*** is a governmental entity and has elected to be self-insured, therefore, there is no insurance carrier.
>
> Please be advised that as the Director of Risk Management, I am your designated contact for the above referenced claim and all correspondence and telephone inquiries should be directed to me unless you are notified otherwise.

(emphasis added).

On March 6, 2014, Ms. Runions filed her original complaint in this lawsuit. The District was not named as a defendant. Instead, the initial complaint was filed solely against BGH, WTH, and WTHN. The dispute at hand arises because the Defendants allege that the District was the proper defendant to be sued in this matter.

On May 27, 2014, the Defendants filed a motion to dismiss and/or for summary judgment. The Defendants' motion and supporting documentation, including an affidavit of Ms. Higgs, asserted that none of the named Defendants ever provided medical care or employed anyone who provided medical care to Ms. Runions or her child. According to Ms. Higgs' affidavit, WTHN is a "managed care network and subsidiary of the [District]," of which the District is the "sole member." Ms. Higgs' affidavit also identified WTH as a subsidiary of the District and stated that its "activities are limited to the ownership and leasing of real property." BGH was likewise represented as a "governmental entity and a subsidiary of the [District]," of which the District is the "sole member." The District itself was identified as a governmental entity that operates the Jackson-Madison County General Hospital.

Although Ms. Runions did not dispute that the District is a governmental entity that operates the Jackson-Madison County General Hospital or challenge Ms. Higgs' statements that WTHN, WTH, and BGH are subsidiaries of the District, she did challenge some of the asserted factual lines of division that had been drawn by the Defendants. For example, when she responded to the Defendants' Rule 56 Statement of Undisputed Material Facts, Ms. Runions disputed that the activities of WTH are "limited to the ownership and leasing of real property." Similarly, she disputed that WTHN and WTH

---

[1] In their brief on appeal, the Defendants specifically acknowledge that Ms. Zamata is the Director of Risk Management for "JMCGHD," which is the District.

had never provided any hospital or nursing services in this case. With respect to this latter point, we note that Ms. Runions attached a number of her patient records when responding to the Defendants' Rule 56 Statement of Undisputed Material Facts. These records presented the Jackson-Madison County General Hospital as a part of, or as "[a]n affiliate of" West Tennessee Healthcare. "The District" itself was not mentioned in any of these records. We further note that in Ms. Runions' response to the Defendants' motion to dismiss, she argued that she should be able to proceed with discovery regarding the activities of WTHN and WTH as they may relate to the care provided by the Jackson-Madison County General Hospital.

As is significant to this appeal, however, Ms. Runions' response to the Defendants' motion to dismiss also asserted that she had mistakenly named BGH in her complaint instead of the District. In explaining her decision to send pre-suit notice to BGH, Ms. Runions' response stated as follows:

> [A] search of the Tennessee Secretary of State's business information service for "Jackson-Madison County General Hospital" returns a listing for Bolivar General Hospital, Inc. and lists as it[s] mailing address "620 Skyline Drive, Jackson, Tennessee 38301-3923 USA" which is the physical location of Jackson-Madison County General Hospital. The Secretary of State's information goes on to list Jackson-Madison County General Hospital, Inc. as the "old" name of the facility now known as Bolivar General Hospital, Inc. The Secretary of State's information lists Currie Higgs as BGH, Inc.'s registered agent for service of process and gives her address as "620 Skyline Drive, Jackson, Tennessee 38301-3923" further confusing any distinction between BGH, Inc. and [the] facility general[ly] recognized as Jackson-Madison County General Hospital.

In light of her mistake in naming BGH as a Defendant, Ms. Runions filed a motion to amend her complaint contemporaneously with the filing of her response to the motion to dismiss. Therein, Ms. Runions asked that she be allowed to substitute the District for BGH. A hearing on the Defendants' motion to dismiss and/or for summary judgment, as well as Ms. Runions' motion to amend, was later held on August 14, 2015.

At the August 14, 2015 hearing, the Defendants argued that the facts of this case fit squarely within this Court's holding in *Shockley v. Mental Health Cooperative, Inc.*, 429 S.W.3d 582 (Tenn. Ct. App. 2013), and that Ms. Runions' complaint must be dismissed for failing to give pre-suit notice to the appropriate health care provider. The trial court found that *Shockley* was not controlling in this case and, based on the record and arguments of counsel for both sides, issued an oral ruling denying the Defendants' motion to dismiss and/or for summary judgment. This oral ruling was later memorialized

in a written order entered by the trial court on November 30, 2015. Several months later, on April 4, 2016, the trial court entered an "Order Nunc Pro Tunc Granting Plaintiff's Motion to Amend Complaint," which substituted the District as a defendant in this matter in the place of BGH. The order further stated that this amendment related back to the filing of Ms. Runions' original complaint pursuant to Rule 15.03 of the Tennessee Rules of Civil Procedure. The trial court subsequently granted permission to seek an interlocutory appeal, and on May 4, 2016, the District, WTHN, and WTH filed a Tennessee Rule of Appellate Procedure 9 application for an interlocutory appeal to this Court. BGH did not file a Rule 9 application, as the trial court's April 4, 2016 order substituted the District in place of it. We ultimately granted the requested Rule 9 application by order entered on May 24, 2016.

## II. ISSUES PRESENTED

This Court, in its order granting Tenn. R. App. P. 9 review, limited the issues as follows:

1.    Whether the trial court erred in denying Applicant[s'] motion to dismiss and/or for summary judgment on the basis of Plaintiff's alleged non-compliance with Tennessee Code Annotated section 29-26-121, as set out in this Court's Opinion in *Shockley v. Mental Health Cooperative, Inc.*, 429 S.W.3d 582 (Tenn. Ct. App. 2013).

2.    Whether the trial court erred in granting Plaintiff's motion to amend her complaint to substitute a defendant under Rule 15.03 of the Tennessee Rules of Civil Procedure[.]

## III. DISCUSSION

The Defendants filed a motion to dismiss Ms. Runions' complaint pursuant to Rule 12 of the Tennessee Rules of Civil Procedure, or, in the alternative, a motion for summary judgment. Whether the trial court's order is reviewed pursuant to the standard for Rule 12.02 motions or Rule 56 motions, the issue of whether Ms. Runions complied with the pre-suit notice requirement found in Tennessee Code Annotated section 29-26-121(a)(1) is a question of law. *See Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012). We therefore review the decision of the trial court *de novo* with no presumption of correctness. *Id.* (citing *Graham v. Caples*, 325 S.W.3d 578, 581 (Tenn. 2010)).

Additionally, Ms. Runions filed a motion to amend her complaint to substitute the District as a defendant for BGH pursuant to Rule 15.01 of the Tennessee Rules of Civil

Procedure. The trial court granted this motion and held that the amendment would relate back to the filing of Ms. Runions' original complaint pursuant to Rule 15.03. In general, the grant or denial of a motion to amend a pleading is within the sound discretion of a trial court. *Cumulus Broad., Inc. v. Shim*, 226 S.W.3d 366, 374 (Tenn. 2007) (citation omitted). The trial court's decision will not be reversed on appeal unless an abuse of discretion is shown. *Id.* (citation omitted). "A court abuses its discretion when it applies an incorrect legal standard or its decision is illogical or unreasonable, is based on a clearly erroneous assessment of the evidence, or utilizes reasoning that results in an injustice to the complaining party." *Wilson v. State*, 367 S.W.3d 229, 235 (Tenn. 2012) (citing *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011)). "Factors the trial court should consider when deciding whether to allow amendments include '[u]ndue delay in filing; lack of notice to the opposing party; bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.'" *Cumulus Broad., Inc.*, 226 S.W.3d at 374 (quoting *Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979)).

## A.   Trial Court's Denial of WTHN and WTH's Motion to Dismiss and/or for Summary Judgment.

WTH and WTHN argued in the trial court that dismissal was appropriate as to them because they "did not provide any health care services to [Ms. Runions or her minor child nor did they] employ anyone who provided any such care."[2] However, we note that based on our May 24, 2016 order granting this interlocutory appeal, our review of the trial court's order is limited to whether dismissal of those defendants was warranted pursuant to Tennessee Code Annotated section 29-26-121. WTH and WTHN have not asserted, either in the trial court or in this Court, that they did not receive notice of a potential health care liability action. Since our review is limited to the question of notice and compliance with Tennessee Code Annotated section 29-26-121, we must affirm the trial court's order denying WTH and WTHN's motion to dismiss and/or motion for summary judgment.[3]

---

[2]The Defendants also argued that Ms. Runions' claims were barred by the applicable statute of limitations, but they appeared to have abandoned this argument in the trial court, and the trial court's order denying the Defendants' motion to dismiss and/or for summary judgment does not rely on the statute of limitations as a basis for its ruling. "In an interlocutory appeal, as well as in an appeal as of right, the appellate court considers only questions that were actually adjudicated by the trial court." *Shaffer v. Memphis Airport Auth., Serv. Mgmt. Sys., Inc.,* No. W2012-00237-COA-R9-CV, 2013 WL 209309, at *4 (Tenn. Ct. App. Jan. 18, 2013) (citation omitted).

[3]We express no opinion whatsoever on whether dismissal of these parties might be appropriate under other theories.

**B.     Trial Court's Grant of the Motion to Amend and Substitution of the District as a defendant.**

We must first acknowledge the unusual procedural posture of this case on appeal. Ms. Runions filed her complaint against BGH, WTH, and WTHN. On April 11, 2014, those entities filed an answer and specifically asserted that the "alleged negligence occurred at the Jackson-Madison County General Hospital." On May 27, 2014, those entities filed their motion to dismiss and/or for summary judgment, wherein they argued that none of the named defendants provided care to Ms. Runions and that the complaint was barred by the statute of limitations. On August 8, 2014, Ms. Runions filed a response to the motion to dismiss and stated as follows:

> Defendants' motion to dismiss is predicated on their assertion that they did not provide health care services to the Plaintiff or her minor child. As to Defendant Bolivar General Hospital, Inc. d/b/a Jackson-Madison County General Hospital, Inc. ("BGH, Inc."), Plaintiff agrees this may indeed be true. BGH, Inc. was identified in this action by mistake, and Plaintiff has filed a motion to amend her complaint to correct that mistake of identity.

Ms. Runions filed her motion to amend that same day and asserted that BGH was mistakenly named as a defendant instead of the District. The motion to amend asserted that the District received actual notice of the lawsuit as required by Tennessee Code Annotated section 29-26-121 and maintained that the "Jackson-Madison County General Hospital District knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against Jackson-Madison County General Hospital District." On October 28, 2014, the Defendants filed one document that served as a reply to Ms. Runions' response to the motion to dismiss and/or for summary judgment and a response to Ms. Runions' motion to amend the complaint. In this filing, the Defendants argued that Ms. Runions failed to comply with Tennessee Code Annotated section 29-26-121 and that her proposed motion to amend could not cure this failure. The Defendants went on to rely on this Court's opinion in *Shockley v. Mental Health Cooperative, Inc.*, 429 S.W.3d 582 (Tenn. Ct. App. 2013), and argued that because the District did not receive notice pursuant to Tennessee Code Annotated section 29-26-121, amending the complaint was improper.

The procedural posture in which this case was presented to the trial court is noticeably different than the posture in *Shockley*, and it is worthy of our examination. In *Shockley*, the originally-named defendant filed an answer alleging that it had not provided medical care to the decedent and stated that such care had instead been provided by a related entity. *Id.* at 587. The plaintiff was allowed to amend her complaint to add the related entity as a defendant, and thereafter, the related entity filed a motion to

7

dismiss the amended complaint for plaintiff's failure to comply with Tennessee Code Annotated section 29-26-121. *Id.* at 588. In *this* case, the trial court granted Ms. Runions' motion to amend *at the same time*[4] as it denied BGH, WTH, and WTHN's motion to dismiss; no motion to dismiss was ever filed on behalf of the District. When the trial court ruled on the pending motion to dismiss and/or for summary judgment, its attention was on whether Ms. Runions had complied with Tennessee Code Annotated section 29-26-121 vis-à-vis the District, even though the District was not yet even a party. Indeed, the trial court's focus on this issue is not surprising, as even Ms. Runions' Sur-Reply to Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss Pursuant to Rule 12.02(6) stated as follows: "[t]he sole remaining issue . . . is the accuracy of the October 18, 2013 notice letters sent by Plaintiff pursuant to Tenn. Code Ann. § 29-26-121."

In our view, whether Ms. Runions complied with Tennessee Code Annotated section 29-26-121 vis-à-vis the District is irrelevant with respect to the adjudication of the Defendants' motion to dismiss and/or for summary judgment. Indeed, as we have already noted, that motion was filed only on behalf of BGH, WTH, and WTHN and was primarily concerned with whether those entities had provided any medical care to Ms. Runions. With that said, we do not intend to suggest that Ms. Runions' compliance with Tennessee Code Annotated section 29-26-121 vis-à-vis the District is completely irrelevant with respect to the issues before us. Such compliance is, in fact, relevant in analyzing whether Ms. Runions' motion to amend is futile.

> When examining a Tenn. R. Civ. P. 15 Motion to Amend a pleading, the trial court may consider *inter alia* the following factors: lack of notice, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue delay in the filing of the motion, undue prejudice to the opposing party, and **futility of the proposed amendment**.

*Conley v. Life Care Ctrs. of Am., Inc.*, 236 S.W.3d 713, 723-24 (Tenn. Ct. App. 2007) (emphasis added) (citation omitted). If Ms. Runions did not provide the District with pre-suit notice of a potential claim against it, an amendment to the complaint to assert a claim against the proper party would be futile. Thus, the pivotal question before this Court is whether the District received notice of a potential health care liability claim against it prior to the commencement of this litigation.

---

[4]Although the order granting Ms. Runions' motion to amend was filed on April 4, 2016, the motion was heard by the trial court on the same date as the motion to dismiss and/or for summary judgment and the order was entered *nunc pro tunc* to November 30, 2015, the same day that the trial court entered its order denying the Defendants' motion to dismiss and/or for summary judgment.

1. Pre-suit notice.

The Tennessee Health Care Liability Act requires that notice of a potential claim be given to every defendant health care provider that will be named in the suit:

> Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

Tenn. Code Ann. § 29-26-121(a)(1).[5] In interpreting the statutory directive set forth in Tennessee Code Annotated section 29-26-121(a)(1), our primary goal must be to carry out the Legislature's intent without broadening or restricting the intended scope of the statute. *See Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995) (citation omitted). In construing the statutory language at issue in this case, we apply the plain meaning to the words in a statute, and our obligation is to simply enforce the language of the statute as it is written. *See Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99, 102 (Tenn. 2006) (citation omitted); *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004).

The Tennessee Supreme Court interpreted Tennessee Code Annotated section 29-26-121 in *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300 (Tenn. 2012). In *Myers*, the Supreme Court held that the 60-day pre-suit notice requirement is mandatory, not directory. *Myers*, 382 S.W.3d at 308-09. To that end, a plaintiff must show strict compliance with the notice statute. *Shockley*, 429 S.W.3d at 590 (citing *Myers*, 382 S.W.3d at 309); *see also Arden v. Kozawa*, 466 S.W.3d 758, 762-63 (Tenn. 2015) (citations omitted) ("Pre-suit notice is mandatory, and section 29-26-121(a)(1) demands strict compliance."). The only way a trial court can waive this requirement is through a showing of "extraordinary cause." *See* Tenn. Code Ann. § 29-26-121.

In 2013, this Court addressed a case somewhat similar to the case at bar. In *Shockley*, the plaintiff's deceased brother received allegedly negligent care at a crisis stabilization unit in Nashville. *Shockley*, 429 S.W.3d at 585. The crisis stabilization unit was operated by the Mental Health Cooperative, Inc. (the "Cooperative"). *Id.* However, the plaintiff mistakenly named the Mental Health Cooperative Foundation, Inc. (the "Foundation") in its pre-suit notice and original complaint rather than the Cooperative, the appropriate defendant. *Id.* at 584-85. The Foundation was the fundraising arm of the

---

[5]Nothing in the statute actually prohibits a health care liability plaintiff from commencing an action in the absence of giving pre-suit notice. "Noncompliance will, however, potentially subject a properly commenced complaint to dismissal." *J.A.C. v. Methodist Healthcare Memphis Hosps.*, No. W2016-00024-COA-R3-CV, 2016 WL 6493229, at *12 n.13 (Tenn. Ct. App. Nov. 2, 2016), *perm. app. filed*.

Cooperative, but the two were wholly separate and distinct legal entities. *Id.* at 585. In *Shockley*, the defendant that was given pre-suit notice, the Foundation, was not a health care provider as required under Tennessee Code Annotated section 29-26-121(a)(1). *Id.* at 590. Moreover, both the Foundation and the Cooperative shared the same registered agent and business address – just as in this case. *Id.* at 587. Although the plaintiff in *Shockley* was initially allowed to amend her complaint to add the Cooperative as a defendant, the Cooperative subsequently filed a motion to dismiss on account of plaintiff's failure to send it pre-suit notice under Tennessee Code Annotated section 29-26-121. *Id.* at 588. The trial court in *Shockley* granted the Cooperative's motion, concluding that the plaintiff had failed to comply with the statutory requirements of Tennessee Code Annotated section 29-26-121. *Id.* at 584, 588. When the matter was appealed, we affirmed. *Id.* at 584. In expressing our opinion on the case, we stated as follows: "By sending the pre-suit notice to a party that was neither a healthcare provider, nor the ultimate defendant in the suit, [the plaintiff] failed to strictly comply with Tennessee Code Annotated Section 29-26-121(a)(1)." *Id.* at 594.

The trial court in this case determined that the case at hand was factually distinguishable from *Shockley* and reasoned that the District received the notice required by the statute because the notices to BGH, WTH, and WTHN were sent to Jackson-Madison County General Hospital's mailing address. On appeal, the District argues that it did not receive proper notice under Tennessee Code Annotated section 29-26-121 because none of the mailed pre-suit notices were "directed to" it. It accordingly submits that the facts of this case fall squarely within the four corners of *Shockley*. Respectfully, we disagree that *Shockley* bars Ms. Runions' request to amend her complaint. Further, we conclude that pre-suit notice was, in fact, established vis-à-vis the District in this case.

As we view the record, there is no question that the District was aware that a potential health care liability claim might be asserted against it. Indeed, notwithstanding the fact that Ms. Runions' pre-suit notice letters were not nominally directed to the District, the District clearly had pre-suit notice. As we outlined earlier in this Opinion, the District's Director of Risk Management, Laura Zamata, sent a letter to Ms. Runions' counsel in October 2013 acknowledging receipt of a pre-suit notice letter. In pertinent part, the letter read as follows:

> I am in receipt of your letter dated October 18, 2013, referencing a claim on behalf of Tiffinne Wendalym [sic] Gail Runions for patient, Laileena [sic] Wendalee Scott (deceased). ***The District*** is a governmental entity and has elected to be self-insured, therefore, there is no insurance carrier.
>
> Please be advised that as the Director of Risk Management, I am your designated contact for the above referenced claim and all correspondence

and telephone inquiries should be directed to me unless you are notified otherwise.

(emphasis added).

The substance of Ms. Zamata's letter quite plainly associates Ms. Runions' claim as being brought vis-à-vis the District. In no uncertain terms, the letter (1) acknowledges receipt of Ms. Runions' pre-suit notice letter, (2) states that the *District* is self-insured, and (3) states that further inquiries regarding the claim should be pursued with Ms. Zamata, the Director of Risk Management. It belies common sense to suggest that Ms. Zamata's letter does not show that the District was aware of a potential health care liability claim against it. As the unmistakable import of the letter is an acknowledgment of pre-suit notice by the District, we find no merit in the District's position that Ms. Runions failed to give the District notice of a potential claim against it pursuant to Tennessee Code Annotated section 29-26-121.

In reaching our conclusion on this issue, we do not intend to call into question the validity of our holding in *Shockley*. *Shockley* remains good law, and we agree that the language in Tennessee Code Annotated section 29-26-121(a)(1) unambiguously "requires [that] pre-suit notice be sent to the provider that will be named as a defendant." *Id.* at 590. As such, we would also agree that, as a practical matter, most plaintiffs will only be able to prove that they have given pre-suit notice by tendering proof that they have specifically directed their pre-suit notice letter to the subject defendants. Indeed, had Ms. Zamata's letter been absent from the record, we would be obliged to take a different position on whether pre-suit notice was achieved and whether Ms. Runions should have been allowed to amend her complaint. As it is, however, Ms. Zamata's letter is not absent, and it provides clear and unambiguous proof that the District was on notice of a potential claim against it.

This case is perhaps unique in that notice was clearly given to the District, even though the pre-suit notice letters utilized by Ms. Runions may not have themselves been specifically tailored to do so. Again, while we agree that a pre-suit notice letter was not nominally "directed to" the District, we cannot ignore the unmistakable acknowledgment from Ms. Zamata's letter that Ms. Runions did, in fact, provide written notice of a potential claim against the District. In our opinion, with respect to the narrow question before us, this acknowledgment is dispositive. Indeed, it establishes that Ms. Runions provided notice as required in Tennessee Code Annotated section 29-26-121(a)(1). "Any arguments regarding the method of giving notice would be relevant where the defendant asserts no notice was received." *Hinkle v. Kindred Hosp*., No. M2010-02499-COA-R3-CV, 2012 WL 3799215, at *7 (Tenn. Ct. App. Aug. 31, 2012). Such arguments become

11

irrelevant, however, when "there is no dispute that the defendant received actual notice." *Id.*

We are not persuaded that *Shockley* dictates a different outcome. Unlike the facts in this case, a representative of the intended defendant in *Shockley* never acknowledged that a potential claim had been asserted against it. As such, there was no proof that pre-suit notice regarding the intended claim had been received by the intended defendant. Here, however, Ms. Zamata's letter shows that the District knew a potential claim might be asserted against it. Importantly, the District's knowledge of this was not something it based upon mere suspicion, nor is it something that we can infer on our own accord. Rather, as evidenced by Ms. Zamata's correspondence, the acknowledgment of a potential claim against the District was tied directly to a pre-suit notice letter Ms. Runions' counsel had sent in October 2013. Ms. Zamata's letter indicates that the District understood this pre-suit notice letter to relate to a potential claim against the District itself.

We must stress that our opinion on this issue is not grounded in disregarding the corporate separateness of the individual defendants. Notice is not accomplished simply because a related entity received notice. We disavow such an understanding because notice is only effective if the subject defendant is aware of a potential health care liability claim against it. We would submit, however, that the close and interconnected relationship amongst the defendants in this matter is what led to the acknowledgment of notice in Ms. Zamata's letter. As previously noted, the pre-suit notice letters sent to BGH, WTHN, and WTH were all sent to 620 Skyline Drive in Jackson, Tennessee, and contained a d/b/a heading of "Jackson-Madison County General Hospital, Inc." Although we do not hold that the District was required to treat these letters as signaling a potential health care liability claim against the District, Ms. Zamata's letter clearly evidences that the District did so. The District did not sit back idly, leaving it in a position to later assert ignorance as to whether it had received notice of a potential claim against it.[6] Instead, it recognized that the pre-suit notice letters were directed to it, despite what the letters themselves stated. We fail to see why this Court should ignore such an obvious acknowledgment of notice by the District. As pre-suit notice was provided, we take no issue with the specific manner employed to provide notice. Tennessee Code Annotated section 29-26-121(a) required that the District receive pre-suit notice, and Ms. Zamata's letter evidences that it did.

---

[6] We note that under a recent statutory amendment to the Tennessee Healthcare Liability Act, with respect to the responsibilities of recipients of pre-suit notice in causes of action arising on or after April 24, 2015, recipients of pre-suit notice are now required to, "within thirty (30) days of receiving the notice, based upon any reasonable knowledge and information available, provide written notice to the potential claimant of any other person, entity, or health care provider who may be a properly named defendant." Tenn. Code Ann. § 29-26-121(a)(5).

2. Motion to Amend Complaint

After the Defendants filed their motion to dismiss and/or for summary judgment based on the assertion that none of the named defendants were proper parties, Ms. Runions filed a motion to amend her complaint and substitute the District for BGH. The trial court granted Ms. Runions' motion to amend. On appeal, Ms. Runions asserts that Rule 15 of the Tennessee Rules of Civil Procedure allows this amendment because the District had proper pre-suit notice of her claim.

There is no question that Tennessee Code Annotated section 29-26-121(a)(1) requires potential defendants such as the District to receive pre-suit notice of potential claims against them. As such, it is clear that adding the District as a defendant would be futile if the District had not received pre-suit notice of a claim against it. However, for the reasons previously set forth herein, we conclude that the District did have appropriate pre-suit notice of a claim against it. To that end, an amendment to Ms. Runions' complaint to add the District as a defendant would not be futile. We therefore affirm the trial court's decision to allow Ms. Runions to amend her complaint and add the District as a defendant to this lawsuit.

## IV. CONCLUSION

For the aforementioned reasons, we affirm the decision of the trial court and remand for such further proceedings as may be necessary and are consistent with this Opinion. Costs of this appeal are taxed to the Appellants, West Tennessee Healthcare Network, West Tennessee Healthcare, Inc., and the Jackson-Madison County General Hospital District, jointly and severally, and their surety, for which execution may issue if necessary.

_____
ARNOLD B. GOLDIN, JUDGE

13