IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 22, 2022 Session

## LEE DODGSON v. CHERYL M. WILLIAMS

**Appeal from the Circuit Court for Knox County**
**No. 2-323-20     William T. Ailor, Judge**

_____

### No. E2021-00873-COA-R3-CV

_____

This appeal concerns a detainer action.  Lee Dodgson ("Dodgson") sued Cheryl M. Williams ("Williams") in the Knox County General Sessions Court ("the General Sessions Court").  The General Sessions Court ruled in Dodgson's favor.  Williams appealed to the Circuit Court for Knox County ("the Circuit Court").  Dodgson, the plaintiff in this matter, filed a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(6) for failure to state a claim. The Circuit Court granted Dodgson's motion and dismissed Williams' appeal.  Williams appeals to this Court, arguing among other things that, while a motion for summary judgment might have been appropriate, a Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim was unavailable to Dodgson.  We hold that Dodgson, as the plaintiff in this matter, could not use a Tenn. R. Civ. P. 12.02(6) motion as a means to dismiss Williams' appeal.  We vacate the Circuit Court's judgment and remand for further proceedings consistent with this Opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated;
Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and KRISTI M. DAVIS, JJ., joined.

Jason S. Mangrum, Brentwood, Tennessee, for the appellant, Cheryl M. Williams.

Joshua R. Holden and Rachel M. Hester, Knoxville, Tennessee, for the appellee, Lee Dodgson.

# OPINION

## Background

In August 2020, Dodgson filed a detainer warrant against Williams in the General Sessions Court concerning real property Williams lived on and which Dodgson had purchased following its foreclosure by a bank. In September 2020, the General Sessions Court ruled in Dodgson's favor. In October 2020, Williams appealed to the Circuit Court. Dodgson filed a motion to dismiss Williams' appeal pursuant to Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief can be granted. In his motion, Dodgson stated as follows, in part:

> 5. In January of 2019 U.S Bank Trust, N.A. initiated a non-judicial, power-of-sale foreclosure on the Property.
> 6. The Notice of foreclosure sale was duly published and the sale date was set for January 10, 2019.
> 7. At the foreclosure sale, Wilson & Associates, PLLC, as Successor Trustee pursuant to an appointment recorded on or about December 20, 2018, sold the property to U.S. Bank Trust, N.A., for a credit bid of $192,904.24.
> 8. On or about January 23, 2019, a trustee's deed was filed in the Knox County Register of Deeds, conveying the property to U.S. Bank Trust N.A. A certified copy, admissible into evidence, of the Trustee's Deed can be found attached as **Exhibit A**.[1]
> 9. On or about August 21, 2020 a Special Warranty Deed was recorded in the Knox County Register of Deeds, Record Number 202008210014801, conveying the Property from U.S. Bank Trust, N.A. as trustee for LSF9 Master Participation Trust, in consideration for the amount of $231,000.00 to Mr. Dodgson, Plaintiff. A certified copy, admissible into evidence of the Special Warranty Deed is attached hereto and incorporated herein as **Exhibit B**.
> 10. First, [Williams] claims that she has somehow been defrauded by her mortgage company (U.S. Bank Trust, N.A.), and she opposes this detainer warrant for those reasons, but such claims have no bearing on [Dodgson's] right to immediate possession of the Property.
> 11. If [Williams] wished to dispute an action by her mortgage company, there was (and is) a process for the injunction of a foreclosure sale set out at Tenn. Code Ann. § 29-23-201 which provides "No judge or chancellor shall grant an injunction to stay the sale of real estate conveyed by deed of trust or

---

[1] The Court may take judicial notice of documents recorded with the Register of Deeds, and such documents are admissible into evidence. Tenn. R. Evid. 201, 803(14) and 902(4).

mortgage, with a power of sale, executed to secure the payment of a loan of money, unless the complainant gives five (5) days' notice to the trustee or mortgagee of the time when, place where, and of the judge or chancellor before whom, the application for injunction is to be made. No judge or chancellor shall act upon the application unless the same is accompanied by proof, evidenced by return of a sheriff, constable, or attorney, that notice has been served on the trustee or mortgagee, or that the trustee or mortgagee is not to be found in the county of usual residence, or is a nonresident." Tenn. Code Ann. § 29-23-201. Here there is no showing that [Williams] took any action to comply with Tenn. Code Ann. § 29-23-201.

12. Second, [Dodgson] has purchased the property as a bona fide purchaser and is afforded all protections set by Tenn. Code Ann. § 66-3-204.

\*\*\*

15. Third, [Williams'] claims are barred by judicial estoppel. Ms. Williams filed for Chapter 13 Bankruptcy protection in 2017 and did not list a claim against her mortgage company, U.S. Bank Trust, N.A., on her Statement of Financial Affairs or Schedule B. Because of this omission, she is judicially estopped from asserting any claims that accrued prior to her bankruptcy filing.

(Footnote in original).

In June 2021, the Circuit Court entered an order granting Dodgson's motion to dismiss. The Circuit Court found:

a. That [Dodgson] had initiated an unlawful detainer action in Knox County General Sessions Court and was subsequently granted a judgment for possession with the instant appeal ensuing;

b. That [Williams] did not post the statutory bond required for appeals of this type;

c. That to date no suit has been filed by [Williams] to set aside the foreclosure sale of real property located at 1009 Cross Meadow Road, Knoxville, Tennessee 37934, which sale occurred on or about January 10, 2019;

d. That when [Williams] filed for Chapter 13 Bankruptcy protection in 2017, she did not list a claim against her mortgage company, U.S. Bank Trust, N.A., on her statement of Financial Affairs or Schedule B;

e. That [Dodgson] is the rightful owner of the real property located at 1009 Cross Meadow Road, Knoxville, Tennessee 37934, pursuant to a Special Warranty Deed dated August 21, 2020, appearing of record at instrument

number 202002210014801 with the Knox County Register of Deeds; and

f. That while [Williams] may have claims or causes of action against her mortgage company, she does not have a right to possession;

WHEREAS, it appeared to the Court that based upon the pleadings filed by the parties, testimony [of Williams], the arguments of counsel and the entire Record, [Dodgson's] Motion to Dismiss Appeal shall be GRANTED; it is, accordingly,

ORDERED, ADJUDGED AND DECREED as follows:

1. That for the above-mentioned reasons, the Motion to Dismiss Appeal is GRANTED;
2. That this appeal is DISMISSED WITH PREJUDICE;
3. That all costs be taxed to [Williams];
4. That [Williams] has 10 days from the date of entry hereof to vacate the property located at 1009 Cross Meadow Road, Knoxville, TN 37934;
5. That this order shall constitute a final order for purposes of Tenn. R. Civ. P. 54.02.

Williams filed a motion to reconsider, alter, or amend the Circuit Court's order granting Dodgson's motion to dismiss her appeal. Williams argued, in part:

There is no statutory bond for this type of appeal, so the basis that Williams had failed to post the required bond recited in the order dismissing represents an incorrect statement of the law….This case is a detainer following a foreclosure sale that is contested. There was no lease, no landlord, no tenant, and no monthly rent….Tennessee courts agree that wrongful foreclosure may be asserted as a defense to a detainer action or as a primary cause of action where there are claims of failure to comply with contractual or statutory requirements….The Order dismissing notes that Williams failed to list any claims against her mortgage company in a 2017 Chapter 13, presumably to indicate that such issue may be precluded by collateral estoppel. However, the foreclosure of the property did not take place until January 10, 2019 {see Exhibit A}, so no claim for wrongful foreclosure would have existed at the filing of the 2017 Chapter 13 bankruptcy, and this argument/basis for dismissal is meritless.

Dodgson filed a motion for ex parte writ of possession. Williams filed a response in opposition pointing out that the Circuit Court's order was not final and that her motion to reconsider was still pending. Meanwhile, Dodgson filed a response to Williams' motion to reconsider and response to writ. Dodgson's response included the following:

Per T.C.A. § 29-18-128, a defendant appealing a judgment ordered by a

general sessions judge must give bond as in the case of a certiorari…[H]aving failed to submit a bond securing costs and rents, [Williams] failed to properly perfect an appeal….[Williams] did not apply for an injunction against the non-judicial, power-of-sale foreclosure initiated by U.S. Bank Trust, N.A. in January 2019, as permitted and required by T.C.A. § 29-23-201, et al. [Williams] took no action to prevent foreclosure on the Real Property….In view of the continued obstruction by [Williams], [Dodgson] prays for an award of money judgment under T.C.A. § 29-18-131 for rents owed and other such damages as [Dodgson] is entitled to which have accrued since August 21, 2020, when [Dodgson] obtained ownership of the Real Property, but [Williams] remained in unlawful possession. [Dodgson] prays that it award damages of $50.00 for each day of [Williams'] illegal occupancy.

Dodgson also contended that he was a bona fide, good-faith purchaser entitled to protection under Tennessee law. The Circuit Court entered an ex parte order and writ for possession in Dodgson's favor. In August 2021, the Circuit Court entered its final order denying Williams' motion to reconsider. The Circuit Court found:

1. That [Williams] nor her counsel appeared at this hearing, though it was properly noticed;
2. That no Motion or Agreed Order to reset the hearing was filed;
3. That [Dodgson] is the owner of record of the Property and entitled to possession under T.C.A. 29-18-101, et seq.;
4. That the Court notes [Williams] did file a cash bond with the appeal;
5. However, this matter was set in 2019, [Williams] had been on notice and had months to obtain counsel, yet failed to do so timely.
    WHEREAS, it appeared to the Court that based upon the pleadings filed by the parties, the arguments of counsel and the entire Record, [Williams'] *Motion to Reconsider* shall be DENIED; it is, accordingly,
    ORDERED, ADJUDGED AND DECREED as follows:
1. That for the above-mentioned reasons, the Motion to Reconsider is DENIED;
2. That this appeal remains DISMISSED WITH PREJUDICE;
3. That all costs be taxed to [Williams];
4. That this order shall constitute a final order for purposes of Tenn. R. Civ. P. 54.02;
5. That an Order for Possession shall issue forthwith.

Williams filed a motion to stay execution pending appeal pursuant to Tenn. R. Civ. P. 62. Dodgson filed an objection to Williams' motion to stay, stating in part: "[T]his

appeal has been filed solely for the purpose of delaying/hindering [Dodgson]." "Indeed, [Williams] has yet to initiate any action against her prior mortgagee, whom she claims wrongfully foreclosed on the property." In September 2021, the Circuit Court entered an order on Williams' motion to stay. The Circuit Court found that it lacked jurisdiction and therefore had to reserve ruling on the grounds that a bankruptcy stay was in effect as to Williams. Williams then filed a motion to expedite reconsideration of her motion to stay, stating in part: "The trial court is the proper court of record [for] hearing Motions for Stay per TRCP 62." "Additionally, the Bankruptcy Court entered an order granting relief from the automatic stay on September 3, which removes the Court's reticence to rule on the motion during the bankruptcy…." The Circuit Court subsequently entered an order granting Williams' motion to stay. The Circuit Court found:

> a. That execution of this Court's judgment shall be stayed so long as [Williams] posts a $25,000 bond, or surety bond, within the next seven (7) days;
> b. That the Court finds $25,000 to be a sufficient amount to secure obedience of the judgment based upon the factors set out in Tennessee Rule of Civil Procedure 62.05(2);
> c. That should [Williams] not post the bond required within seven days of issuance of this Order, then [Dodgson] shall be granted a Writ of Possession for the real property located at 1009 Cross Meadow, Knoxville, Tennessee (the "Property")[.]

Williams timely appealed to this Court.

## Discussion

We restate Williams' issues on appeal as follows: 1) whether a Tenn. R. Civ. P. 12.02(6) motion to dismiss was available to Dodgson, the plaintiff in this matter; 2) whether the Circuit Court erred in declining to grant Williams' request for continuance to obtain counsel; 3) whether the Circuit Court erred in finding that Williams failed to post statutory bond for the appeal when this case did not involve a landlord/tenant relationship; 4) whether the Circuit Court erred in finding that Williams failed to properly contest the foreclosure sale; and 5) whether the Circuit Court erred in finding that Williams was barred by judicial estoppel from asserting wrongful foreclosure based upon her failure to identify any such claims in her prior bankruptcy filing when the foreclosure occurred some two years after she filed for bankruptcy. Dodgson raises a separate issue of whether he is entitled to a money judgment and/or whether the Circuit Court should proceed against the $25,000 bond and disburse the funds to him.

We first address the threshold issue of whether a Tenn. R. Civ. P. 12.02(6) motion to dismiss was available to Dodgson, the plaintiff in this matter. Tenn. R. Civ. P. 12.02(6) provides: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion in writing… (6) failure to state a claim upon which relief can be granted[.]" In his brief, Dodgson argues that the Circuit Court did not treat Dodgson's motion as a Tenn. R. Civ. P. 12.02(6) motion to dismiss. However, Dodgson moved to dismiss pursuant to Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief can be granted, and the Circuit Court's order stated that the cause "came to be heard … on [Dodgson's] ***Motion to Dismiss*** [Williams'] appeal from an Order of the Knox County General Sessions Court[.]" It is apparent that the Circuit Court decided this matter on the basis of Tenn. R. Civ. P. 12.02(6) as that was the motion granted.

Williams contends that the Circuit Court's disposition of this case by means of Tenn. R. Civ. P. 12.02(6) was erroneous. Our Supreme Court has stated: "A Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) (citations omitted). Further, "[t]he resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone." *Id*. (citations omitted). Also, "[a] defendant who files a motion to dismiss 'admits the truth of all of the relevant and material allegations contained in the complaint, but ... asserts that the allegations fail to establish a cause of action.'" *Id*. (citations omitted) (quoting *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010)).

Williams acknowledges that Dodgson could have filed a motion for summary judgment, but contends that Dodgson's filing of a Tenn. R. Civ. P. 12.02(6) motion to dismiss her appeal constituted an "end-run" around the procedural and factual requirements of summary judgment. Williams appealed the judgment of the General Sessions Court to the Circuit Court for trial *de novo*. We have explained: "As authorized by Tennessee Code Annotated section 16-15-729,[2] *de novo* appeals to circuit courts from general sessions courts entail 'an entirely new trial as if no other trial had occurred and as if the case had originated in the circuit court.'" *Haywood v. Trexis Ins. Corp.*, No. W2020-00418-COA-R3-CV, 2021 WL 1343562, at *3 (Tenn. Ct. App. April 12, 2021), *R. 11 perm. app. denied*

---

[2] Tennessee Code Annotated section 16-15-729 provides:

> No civil case, originating in a general sessions court and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper. The trial shall be de novo, including damages.

Tenn. Code Ann. § 16-15-729.

*August 5, 2021* (footnote in original) (citations omitted) (quoting *Ware v. Meharry Medical College*, 898 S.W.2d 181, 184 (Tenn. 1995)). Our Supreme Court has stated: "While the Rules of Civil Procedure are applicable where pertinent to cases appealed from the general sessions court to the circuit court, '*the Rules do not require* the filing of written pleadings, issuance of new process, or *any* other *steps which have been completed prior to the appealing of the case to the circuit court*.'" *Graham v. Caples*, 325 S.W.3d 578, 583 (Tenn. 2010) (quoting *Vinson v. Mills*, 530 S.W.2d 761, 765 (Tenn. 1975)).

We agree with Williams that a Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim was unavailable to Dodgson. Dodgson initiated this case with a detainer warrant. He was the plaintiff, and there was no counterclaim at issue. Williams' appeal from the General Sessions Court to the Circuit Court was not a "claim" subject to dismissal for failure to state a claim. Dodgson's claim was the only claim pending in the Circuit Court. By proceeding under a Rule 12.02(6) motion to dismiss, Dodgson technically moved to dismiss his own action, which of course is not what he intended to do. Nothing in Tenn. R. Civ. P. 12.02(6) or the jurisprudence concerning it suggests the rule can be used by Dodgson in this manner. A plaintiff may not, for instance, offensively employ a presumption of truth for his or her own complaint. That would be an inversion of the rule's purpose.

Our holding does not mean that every appeal from general sessions court to circuit court necessarily requires a trial *de novo*. There are alternative means of disposition. For example, a defendant could move for dismissal of a plaintiff's case under Tenn. R. Civ. P. 12.02(6). Also, a plaintiff could file a Tenn. R. Civ. P. 12.02(6) motion as to a counterclaim filed against him by a defendant. In addition, either a plaintiff or a defendant could file a motion for summary judgment. However, Dodgson, as the plaintiff in this matter, could not rely upon Tenn. R. Civ. P. 12.02(6) to dismiss for failure to state a claim Williams' appeal from the General Sessions Court to the Circuit Court because the rule is inapplicable in the scenario presented herein. We, therefore, vacate the Circuit Court's judgment and remand for further proceedings consistent with this Opinion. All remaining issues are pretermitted.

## Conclusion

The judgment of the Circuit Court is vacated, and this cause is remanded to the Circuit Court for further proceedings consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellee, Lee Dodgson.

_____
D. MICHAEL SWINEY, CHIEF JUDGE